[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Ricky Cannon appeals from the judgment of the Hamilton County Court of Common Pleas convicting him of felonious assault and the separate order denying Cannon's motion to withdraw his guilty plea. We affirm.
Cannon was indicted for three counts of felonious assault. He initially pleaded not guilty and then proceeded to trial on two of the three counts of the indictment. However, after a recess, Cannon's counsel reported to the lower court that Cannon would plead guilty to one count of felonious assault, and, in return, the state would dismiss the remaining counts.
Cannon executed a form waiving his right to proceed with the jury trial. He also executed a form in which he acknowledged his guilt. Prior to accepting Cannon's guilty plea, the lower court completely reviewed with Cannon the ramifications of his plea, as required by Crim.R. 11.
On November 16, 1998, the lower court imposed upon Cannon a two-year period of incarceration. On November 19, 1998, Cannon, acting pro se, filed a notice of appeal. On April 12, 1999, Cannon filed three motions to withdraw his plea. In these motions, Cannon alleged, inter alia, that his trial counsel had improperly advised him to plead guilty, that he was an appropriate candidate for treatment in lieu of conviction, that the arresting officer had lied about Cannon's confession to the crime, and that Cannon could only have been convicted of domestic violence. The lower court overruled the motions on April 16, 1999.
Because Cannon had filed his notice of appeal, the lower court was divested of jurisdiction to grant relief that would have been inconsistent with the jurisdiction of this court to review, affirm, modify, or reverse the judgment appealed. See State exrel. Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94, 97,378 N.E.2d 162, 165. Because allowing Cannon to withdraw his guilty plea would have been inconsistent with this court's ability to review, affirm, modify or reverse the trial court's judgment, the trial court was without jurisdiction to entertain Cannon's motions. See id. at 97, 378 N.E.2d 165.
A trial court may, however, hear and rule upon a postconviction petition for relief even if the underlying judgment is on appeal. See R.C. 2953.21(C). To the extent that Cannon's pro se motions to withdraw his plea could be considered a postconviction petition for relief based on ineffective assistance of counsel, the trial court would have had jurisdiction to determine the motions on their merits. We also note that Cannon's first, timely appeal from the judgment of conviction has been consolidated with Cannon's appeal from the denial of the motion to withdraw his plea, and that the sole issue addressed in Cannon's appellate brief is the withdrawal of the plea of guilty, which, according to Cannon, was the result of ineffective assistance of counsel. We therefore conclude that this court should address the issue, whether raised in the direct appeal of the conviction or in the appeal of the denial of postconviction relief.
To prevail on has ineffective-assisstance claim, Cannon must show (1) that counsel performed so deficiently that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment and (2) that counsel's errors were prejudicial. See Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064. Counsel's performance is "deficient" when it falls below an objective standard of reasonable representation. See id. at 690-691, 104 S.Ct. at 2066. To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. The Supreme Court of Ohio has recently held that "`[a] reasonable probability is a probability sufficient to undermine [the court's] confidence in the outcome.'" See State v. White
(1999), 85 Ohio St.3d 433, 450, 709 N.E.2d 140, 157, citingStrickland at 694, 104 S.Ct. at 2068. See, also, State v.Bradley (1989), 42 Ohio St.3d 136, 142-143, 538 N.E.2d 373,379-381, and paragraphs two and three of the syllabus.
Cannon claims that because he "could not have been found guilty of felonious assault," his trial counsel's performance fell below a reasonable standard of representation because his counsel advised him to plead guilty to felonious assault. The basis for Cannon's assertion that he could not have been found guilty of felonious assault is as follows: (a) Cannon was charged with felonious assault, but the conduct that was the basis of the charge would have supported a charge of domestic violence; (b) domestic violence is a lesser-included offense of felonious assault; (c) a special provision in law prevails over a general provision; therefore (d) Cannon should have only been charged only on the special provision, domestic violence.
First, Cannon is mistaken that domestic violence is a lesser-included offense of felonious assault. In State v. Deem
(1988), 40 Ohio St.3d 205, 533 N.E.2d 294, the Supreme Court of Ohio held, at paragraph three of the syllabus:
An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
Felonious assault requires proof that the offender knowingly caused serious physical harm to another or caused or attempted to cause harm to another by means of a deadly weapon or dangerous ordnance. R.C. 2903.11(A). Domestic violence requires proof that the offender knowingly caused harm or attempted to cause harm to a family or household member, that the offender recklessly caused serious harm to a family or household member, or that the offender, by threat of force, knowingly caused a family or household member to believe that the offender would cause imminent physical harm to the family or household member. R.C. 2919.25.
The greater offense in this case, felonious assault, can be committed without simultaneously committing domestic violence, since a domestic-violence offense requires proof that the victim is a family or household member. Therefore, domestic violence is not a lesser-included offense of felonious assault. Accordingly, Cannon could have been found guilty of felonious assault and
domestic violence, and his claim that his counsel was deficient in allowing him to plead guilty to an offense of which he could not have been found guilty is simply without merit.
Moreover, whether domestic violence is a lesser-included offense of felonious assault is irrelevant in this case, as Cannon was charged only with felonious assault. The record supports the charge, as Cannon's victim, who also happened to be a household member, was seriously injured by his assault upon her. There is no requirement that Cannon be charged with domestic violence, even if his actions would support such a charge, particularly when his conduct supports a charge of a greater degree.
Cannon was charged with three counts of felonious assault, and he ultimately was permitted to plead guilty to one charge and to have the other two charges dismissed. He was given a two-year sentence, which is the shortest term of imprisonment for such an offense. Having reviewed the record, we can confidently say that counsel's performance did not fall below a reasonable standard of representation and that the trial court did not err by rejecting Cannon's motion to withdraw his guilty plea.
Accordingly, Cannon's sole assignment of error is overruled, and the judgment of the court of common pleas is affirmed.
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.