94

THE STATE, EX REL. SPECIAL PROSECUTORS, APPELLANTS, *v.* JUDGES, COURT OF COMMON PLEAS; ASHER, APPELLEE.

[Cite as State, ex rel. Special Prosecutors, v. Judges (1978), 55 Ohio St. 2d 94.]

(No. 77-1447—Decided July 12, 1978.)

*Mr. Charles F. Knapp* and *Mr. Keith Sommer, pro se.* *Messrs. Weiner, Lippe & Cromley* and *Mr. Jerry Weiner,* for intervening appellee Ronald E. Asher.

*Per Curiam.* Appellants contend that the denial by the Court of Appeals of the writ of prohibition was in error. The function of prohibition is to prevent an inferior tribunal from usurping or exercising jurisdiction with which it is not legally vested. *State, ex rel. Ferrebee,* v. *Court of Appeals* (1968), 14 Ohio St. 2d 109. The Court of Appeals, in the instant cause, expressed its reasoning for denying the writ as follows:

"We are asked to declare that the vacation of [the] plea was erroneous. We can not do this under this proceeding. The withdrawal and vacation of [a] plea is a fait accompli. Prohibition is a preventive writ and has no application to acts already done. *Marsh* v. *Goldthorpe, Mayor* [1930], 123 Ohio St. 103."

The language in *Marsh* v. *Goldthorpe, supra,* relied upon by the Court of Appeals, was merely *dictum.* In *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, this court stated, at page 329:

"* * * However, in none of those cases [*State, ex. rel. Frasch,* v. *Miller* (1933), 126 Ohio St. 287; *Marsh* v. *Goldthorpe, supra; State, ex rel. Birckell,* v. *Roach* (1930), 122 Ohio St. 117] was the rule, that prohibition may be invoked only to prevent a future act and not to undo an act already performed, necessary to its disposition."

Finding that strict adherence to the rule would exalt form over substance, especially where, as in that cause, a

total and complete want of jurisdiction by the lower court was presented, this court, in *State, ex rel. Adams,* v. *Gusweiler, supra,* held, at page 330, as follows:

"Thus, a court which has jurisdiction to issue the writ of prohibition as well as the writs of procedendo and mandamus has plenary power, not only to prevent excesses of lower tribunals, but to correct the results thereof and to restore the parties to the same position they occupied before the excesses occurred." See *State, ex rel. Northern Ohio Telephone Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6.

Thus, the pivotal issue herein presented is whether the trial court exceeded its jurisdiction in vacating appellee's plea of guilty subsequent to the Court of Appeals' affirmance of its prior judgment convicting the appellee on the basis of his guilty plea. Appellee essentially argues that the trial court had jurisdiction, pursuant to Crim. R. 32.1,* to hear and determine the motion to withdraw the guilty plea. Appellants basically contend that Crim. R. 32.1 does not confer jurisdiction upon the trial court because (1) the jurisdiction was vested in the Court of Appeals, and (2) the Court of Appeals' decision on the voluntariness of the plea became the law of the case and the trial court was bound to follow it.

The parties have cited no authority in Ohio, or elsewhere, that specifically addresses the question of whether Crim. R. 32.1 or an analogous provision is applicable so as to allow the trial court to grant a motion to withdraw the guilty plea after an appeal has been taken relative to the original plea and the appellate court has affirmed the trial court's judgment resulting from that plea of guilty. The issue is apparently one of first impression.

Neither the Ohio Rules of Appellate Procedure nor

---

*Crim. R. 32.1 provides:

"Withdrawal of Guilty Plea

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

the Ohio Rules of Criminal Procedure are explicit as to what effect the taking of an appeal has on the jurisdiction of the lower court. The general rule of law is that the trial court loses jurisdiction to take action in a cause after an appeal has been taken and decided. *State, ex rel. Continental Cas. Co., v. Birrell* (1955), 164 Ohio St. 390; *In re Mahoning Valley Sanitary District* (1954), 161 Ohio St. 259; *Majnaric v. Majnaric* (1975), 46 Ohio App. 2d 157; *Vavrina v. Greczanik* (1974), 40 Ohio App. 2d 129; *Sullivan v. Cloud* (1939), 62 Ohio App. 462. See, also, 7 Moore's Federal Practice (2 Ed.) 419, Paragraph 60.30[2], wherein it is stated:

"But, the general rule is that when an appeal is taken from the district court the latter court is divested of jurisdiction, except to take action in aid of the appeal, until the case is remanded to it by the appellate court."

Yet, it has been stated that the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction. *In re Kurtzhalz* (1943), 141 Ohio St. 432; *Goode v. Wiggins* (1861), 12 Ohio St. 341; *Fawick Airflex Co. v. United Electrical Radio & Machine Workers* (1951), 90 Ohio App. 24. However, in the instant cause, the trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea. The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment. Accordingly, we find that the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision.

Furthermore, Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim. R. 32.1

apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial.

The requirements for the issuance of a writ of prohibition expressed in *State, ex rel. Flower,* v. *Rocker* (1977), 52 Ohio St. 2d 160, " ' "* * * (1) The court or officer against whom it is sought must be about to exercise a judicial or quasi-judicial power; (2) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy; (3) the exercise of such power must amount to an unauthorized usurpation of judicial power," ' *State, ex rel. Rouault,* v. *Common Pleas Court* (1977), 50 Ohio St. 2d 65, at page 66," are presented in the instant cause. The trial court is clearly about to exercise a judicial power in proceeding with a new trial for the appellee. As to the second and third requirements, this court has already found that the granting of the motion to withdraw the plea and the resultant order to proceed with a new trial by the trial court are clearly the unauthorized usurpation of judicial power. Where the inferior court is without jurisdiction whatsoever to act, the availability or the adequacy of a remedy of appeal to prevent the resulting harm is immaterial to the exercise of the supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. *State, ex rel. Adams,* v. *Gusweiler, supra* (30 Ohio St. 2d 326, 329).

Accordingly, the judgment below is reversed and the writ prayed for is allowed.

*Judgment reversed and writ allowed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.