OPINION
Appellant Larry Godfrey appeals the decision of the Licking County Court of Common Pleas that denied his "Motion to Withdraw Guilty Plea and Alternative Petition to Vacate or Set Aside Sentence Pursuant to O.R.C. § 2953.21." The following procedural history gives rise to this appeal. On February 7, 1997, the Licking County Grand Jury indicted appellant for fourteen counts of rape, felonious sexual penetration and gross sexual imposition. The grand jury issued another indictment, on February 21, 1997, charging appellant with three counts of gross sexual penetration. Appellant entered pleas of not guilty to the charges contained in both indictments. At a change of plea hearing, on October 14, 1997, appellant entered guilty pleas to two counts of attempted felonious sexual penetration and eight counts of gross sexual penetration pursuant to North Carolina v. Alford (1970), 400 U.S. 25. On November 14, 1997, after the completion of a pre-sentence investigation, the trial court sentenced appellant to concurrent and consecutive terms of imprisonment which, in the aggregate, total an indefinite term of fifteen to thirty-eight years. Following the sentencing hearing, the trial court conducted a hearing pursuant to R.C. 2950.09 and found appellant to be a "sexual predator." Appellant filed a notice of appeal on December 12, 1997. The record transmitted by the Licking County Clerk of Court, on January 21, 1998, included a partial transcript entitled "Excerpts of Sentencing Hearing." On January 22, 1998, appellate counsel filed a motion, in the trial court, for a transcript of proceeding of the sentencing hearing. The trial court sustained appellant's motion. On June 3, 1998, appellant filed a pro se motion for "Preparation of Complete Transcript of Proceedings at State Expense." The state filed a memorandum opposing appellant's pro se motion. The trial court overruled appellant's motion on July 22, 1998. On August 28, 1998, we issued our opinion overruling both of appellant's assignments of error. In our decision, we stated that: [b]ecause appellant has failed to provide this court with those portions of the transcript necessary for resolution of the assigned error, i.e., the complete transcript of the November 14, 1997 sentencing hearing, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth in Knapp, supra. State v. Godfrey (Aug. 28, 1998), Licking App. No. 97 CA 155, unreported, at 5.
On November 25, 1998, appellant filed an "Application for Reopening" on the basis that he was denied effective assistance of appellate counsel. On December 23, 1998, appellant filed a "Motion to Supplement" the application for reopening and "Motion to Supplement the Record" in which he sought to file a complete transcript of proceedings filed in the trial court on November 28, 1999. On January 7, 1999, we granted the application to reopen the appeal and the motion to supplement the application for reopening. On February 16, 1999, the record was transmitted to this court. The record contained a transcript of proceedings filed in the trial court on November 28, 1998, which was not part of the record in our initial review of this matter. On July 6, 1999, appellant filed, in the trial court, a "Motion to Withdraw Guilty Plea and Alternative Petition to Vacate or Set Aside Sentence Pursuant to O.R.C. § 2953.21." The state filed a motion to dismiss, based on lack of jurisdiction, on July 14, 1999. The trial court granted the state's motion to dismiss on August 11, 1999. Appellant filed his notice of appeal on August 19, 1999. On September 2, 1999, we issued our opinion, in the reopened appeal, and affirmed the judgment of the trial court. Appellant sets forth the following assignments of error for our consideration.
I. THE TRIAL COURT ERRED IN DISMISSING PETITIONER'S PETITION FOR POST-CONVICTION RELIEF FOR LACK OF JURISDICTION PURSUANT TO R.C. § 2953.21(A)(2).
II. THE TRIAL COURT ERRED IN DISMISSING PETITIONER'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO CRIM.R. 32.1 FOR LACK OF JURISDICTION.
 I
In his First Assignment of Error, appellant contends the trial court erred when it dismissed his petition for postconviction relief for lack of jurisdiction. We disagree. The language at issue, in appellant's First Assignment of Error, is contained in R.C. 2953.21(A)(2), which provides as follows:
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing appeal. (Emphasis added.)
The issue presented, concerning the above cited language, is whether the time limitation of one hundred eighty days begins to run from the time of direct appeal or from the time the appeal is reopened pursuant to App.R. 26(B). Appellant's petition for postconviction relief is only timely if the one hundred eighty day calculation is applied to the date we reopened appellant's appeal. In finding appellant's petition for postconviction relief untimely, the trial court relied on the language of R.C.2953.21(A)(2) which provides that the petition must be filed "* * * no later than one hundred eighty days after the date on which the trial transcript is filed * * * in the direct appeal of the judgment of conviction or adjudication * * *." The trial court found this language clearly required appellant to file his petition for postconviction relief one hundred eighty days after appellant filed the partial transcript in the direct appeal. Judgment Entry, Aug. 11, 1999, at 2. The trial court further noted that simply because we granted appellant's motion to reopen his appeal, this did not entitle appellant to ignore the fact that he filed a direct appeal in this matter on December 12, 1997. We agree with the trial court's conclusion that a "direct appeal" differs from a "reopened appeal." A "direct appeal" is referred to as an "appeal as of right" under App.R. 3. A "direct appeal" or "appeal as of right" must be filed within thirty days of the entry of judgment or order appealed. App.R. 4(A). An application for reopening, pursuant to App.R. 26(B), is a remedy available to a defendant in a criminal case whereby a "direct appeal" may be reopened on the basis that the defendant received ineffective assistance of appellate counsel. See App.R. 26(B). Further, an applicant has ninety days from the journalization of the appellate judgment to file an application for reopening unless the applicant shows good cause for filing at a later time. Based on the procedural differences that exist between a "direct appeal" or "appeal as of right" and a "reopened appeal," we find the language contained in R.C. 2953.21(A)(2) does not apply to reopened appeals as a "reopened appeal" clearly is different than a "direct appeal" or "appeal as of right." In reaching its conclusion, the trial court cited the case of State v. Price (Sept. 29, 1998), Franklin App. No. 98AP-80, unreported. The issue in Price was whether the filing of a delayed appeal may be taken to indefinitely extend the period for filing a motion for postconviction relief. The Tenth District Court of Appeals concluded that it did not because to hold otherwise would nullify the intent of the General Assembly to place a time limitation on postconviction actions. Id. at 2. The court noted that since there was no time limitation upon a motion for delayed appeal, there would be no time limitation for filing a petition for postconviction relief. Id. The court also found that it would be unreasonable to permit a defendant who had neglected to file a direct appeal, and subsequently brought a delayed appeal, to be given more time to prepare and bring his or her postconviction petition than a defendant who had timely prosecuted his or her direct appeal. Id. We find the court of appeal's reasoning, in Price, applicable to the case sub judice. Appellant argues, unlike with delayed appeals, a ninety-day time limit exists for reopened appeals. Although App.R. 26(B) contains a ninety-day time limit, it also provides that an application to reopen may be made after the ninety-day period for good cause. Thus, as with the delayed appeal, theoretically, there is no time limitation with a reopened appeal as long as the applicant has good cause to reopen his or her appeal. Such a result contravenes the General Assembly's intent to place time limitations on petitions for postconviction relief. Also, to permit an appellant to calculate the one hundred eighty day period, from the date his or her appeal is reopened, gives that appellant more time to prepare and bring his or her petition for postconviction relief. Further, if we were to adopt appellant's reasoning, an appellant could file a petition for postconviction relief within one hundred eighty days of filing his or her direct appeal and timely file a second petition for postconviction relief one hundred and eighty days after an application to reopen is granted if the record is supplemented with another portion of the transcript. Based on the above, we conclude it is not the filing of a transcript that triggers the one hundred eight day rule in R.C. 2953.21(A)(2), but rather the filing of a direct appeal. Because appellant filed his direct appeal in this matter on December 12, 1997, and did not file his petition for postconviction relief until July 6, 1999, well over the one hundred eighty day period provided for in the statute, the trial court did not err when it dismissed appellant's petition for postconviction relief for lack of jurisdiction. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains the trial court erred when it dismissed his motion to withdraw his guilty plea for lack of jurisdiction. We disagree. The trial court concluded that it did not have jurisdiction because to consider appellant's motion to withdraw his guilty plea would be inconsistent with our authority to review appellant's sexual predator status. Judgment Entry, Aug. 11, 1999, at 2. We agree with the trial court's conclusion. In the recent case of State v. Winn (Feb. 19, 1999), Montgomery App. No. 17194, unreported, the Second District Court of Appeals addressed this issue and explained: Although the rule [Crim.R. 32.1] does not specify a time limit for filing the motion, we have previously held that the filing of a notice of appeal divests the trial court of jurisdiction to consider a motion to withdraw a plea. See, State v. Haley (July 7, 1995), Greene App. Nos. 94-CA-89, 94-CA-108, and 94-CA-109, unreported. This is consistent with the general rule that after appeal, trial courts retain jurisdiction over issues `not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction.' State ex rel. Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, 97,378 N.E.2d 162 (citation omitted). A motion to withdraw a plea is not a collateral issue, because it potentially directly impacts an appeal. Accordingly, the trial court did not have jurisdiction over the motion to withdraw the plea once the notice of appeal was filed, and the court did not err in failing to rule on the motion. Id. at 5.
In the matter currently before the court, we reopened appellant's appeal on January 7, 1999. Appellant filed his motion to withdraw his guilty plea on July 6, 1999. Clearly, the trial court did not have jurisdiction to address appellant's motion as we did not issue our opinion, on appellant's reopened appeal, until September 2, 1999. Had the trial court permitted appellant to withdraw his guilty plea, the assignment of error in appellant's reopened appeal would have been moot thereby affecting our jurisdiction. Accordingly, we conclude the trial court did not err when it concluded it lacked jurisdiction to address appellant's motion to withdraw his guilty plea. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: WISE, J. GWIN, P.J., and EDWARDS, J., concur.