OPINION
Defendant, Thomas J. Helmers, appeals from a Judgment Entry and Decree of Legal Separation that the trial court entered on August 3, 1999 on the complaint of Plaintiff, Mary J. Helmers., Plaintiff and Defendant were married on April 27, 1989. One child, Lawrence R. Helmers, was born as issue of the marriage.
Mary J. Helmers filed a Complaint for Legal Separation on December 8, 1997. The parties subsequently agreed that custody of their minor child would be awarded to Mary J. Helmers and that no spousal support would be paid. When the remaining issues came on for hearing on March 29, 1999, the parties had apparently agreed on the division of their assets and liabilities, prompting the court to make the following oral order from the bench:
 "Now it's the Court's understanding that the parties have settled all issues between them of marital and separate assets and liabilities, . . . So I will grant counsel 30 days to file an agreed Decree, or in the alternative, set a hearing on disputed issues that might remain." (T. p. 93).
Counsel for Mary J. Helmers submitted a form of proposed Final Judgment and Decree to counsel for Thomas J. Helmers sometime in May of 1999. She responded by letter, pointing out certain objections she had to the terms of the proposal. She received no reply to her letter, and the "agreed entry" remained unsigned.
On July 13, 1999, the court ordered the parties to show cause why they should not be held in contempt for failing to present an agreed entry to the court. Counsel for Mary J. Helmers then presented the entry he had prepared, along with a separate certification stating that he had submitted it as counsel for Mary J. Helmers on May 7, 1999. Thereafter, on July 28, 1999, counsel for Thomas J. Helmers filed a statement of objections to the proposed decree.
On August 3, 1999, the trial court, without ruling on the objections that Thomas J. Helmers had filed, signed and journalized the proposed judgment and decree. The certification that counsel previously gave the court was filed the same date.
Thomas J. Helmers filed a Civ.R. 60(B) motion to vacate the judgment and decree on August 10, 1999. The court had not ruled on the motion when, on August 31, 1999, Thomas J. Helmers filed his notice of appeal from the Judgment and Decree of Separation that the court had journalized twenty-eight days before.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED ERROR, ABUSED ITS DISCRETION, AND PROCEEDED WITHOUT DUE PROCESS BY SIGNING A DECREE OF LEGAL SEPARATION AND BY OVERRULING APPELLANT-DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT; THEREBY DENYING THE APPELLANT A HEARING ON CERTAIN PROPERTY ISSUES.
The notice of appeal that was filed on August 31, 1999 deprived the trial court of jurisdiction to grant any relief that would deprive this appellate court of its jurisdiction to reverse, affirm, or modify the order from which the appeal was taken, which was the judgment and decree of legal separation. State ex rel.Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94. Therefore, the trial court could not grant the relief that Thomas J. Helmers' Civ.R. 60(B) motion requested of it.
The trial court acted pursuant to Montgomery Loc.R. 4.30(B) when it ordered the parties to prepare and submit an agreed final decree at the conclusion of the March 29, 1999 hearing. That rule pertains to the preparation and filing of final judgments and decrees and any disputes concerning them, and states:
 The Court may direct either party or counsel to present for journalization the final decree. Unless otherwise directed by the Court, plaintiff's counsel shall within 10 days after the final hearing prepare a proposed decree which complies with all agreements of the parties and all court decisions, and submit the same to the opposing party or counsel. The opposing party or counsel shall have 3 days in which to approve or reject the decree. In the event of rejection, the opposing party or counsel shall immediately file with the court a written statement of his objections to the proposed decree. This Rule shall not apply to uncontested matters or dissolutions of marriage.
 Failure of the opposing party or counsel to approve or reject any submitted decree as provided above will allow the preparer of the entry to unilaterally present the proposed decree for journalization by certifying thereon that the proposed decree was submitted in accordance with this Rule.
 Failure to comply with this Rule may result in the issuance of a citation of contempt to the attorney(s) of record in the case. It is the responsibility of the attorney(s) to promptly notify the assigned Judge of any difficulties which may have arisen in preparing and submitting the final judgment and decree.
The rule requires a party who declines to approve the form of decree submitted to it by the opposing party to reject the decree within three days of its submission. The party also must then "immediately" file a written statement of his objections with the court. Failure to reject the decree in the manner provided authorizes the party who prepared the decree to "unilaterally present the decree (to the court) for journalization by certifying thereon that the proposed decree was submitted (to the opposing party) in accordance with this Rule."
Montgomery Loc.R. 4.30(B) contemplates a process in which objections to a proffered decree are filed with the court before the decree is submitted to the court for journalization. In this instance, the objections were filed after the proposed decree was submitted to the court but before the court journalized the Final Judgment and Decree that had been submitted to it.
The letter that counsel for Thomas J. Helmers sent to counsel for Mary J. Helmers operated to reject the proposed judgment and decree that had been submitted. However, counsel for Thomas J. Helmers failed to "immediately" file a statement of her objections with the court, as Montgomery Loc.R. 4.30(B) requires. This led the court to enter its order to show cause, which prompted counsel for Mary J. Helmers to submit the same form of judgment and decree to the court for journalization. Having failed to comply with the requirements of Montgomery Loc.R. 4.03(B), Thomas J. Helmers has scant basis to complain of the prejudice visited on him as a result.
Nevertheless, we believe that the trial court erred when it journalized the final judgment and decree that counsel for Mary J. Helmers presented. The written objections that Thomas J. Helmers filed were then pending decision, and the court failed to rule on those objections before it journalized the judgment and decree. Though Montgomery Loc.R.4.30(B) contemplates objections that are filed before the judgment and decree are presented to the court, it does not expressly prohibit filing objections thereafter. That ambiguity prevented the court from ignoring the objections that Thomas J. Helmers filed. The court erred when it failed to rule on those objections before it journalized the judgment and decree.
Mary J. Helmers cannot be heard to complain that our ruling works to her disadvantage. Montgomery Loc.R. 4.30(B) requires "the attorney(s) to promptly notify the assigned judge of any difficulties which may have arisen in preparing and submitting the final judgment and decree." The letter that counsel for Thomas J. Helmers sent rejecting the judgment and decree that was submitted to her was just such a difficulty. It surely ought to have prevented counsel for Mary J. Helmers from representing to the court that, as Montgomery Loc.R. 4.30(B) provides, the judgment and decree he presented "complies with all agreements of the parties." That was the practical effect of the certification he also submitted, stating that it had been submitted to counsel for Thomas J. Helmers pursuant to the Rule.
The first assignment of error is overruled, in part, and sustained, in part. The Final Judgment and Decree that the trial court journalized on August 3, 1999 will be reversed, and the case will be remanded for further proceedings. In view of that resolution, the remaining assignments of error are moot and we decline to consider them per App.R. 12(A)(1)(c)
YOUNG, J. and GLASSER, J., concur.
Hon. George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.