JOURNAL ENTRY AND OPINION
This is a consolidated appeal from orders of Judge Patricia Anne Cleary denying appellant Christ Steimle's motion to vacate his guilty pleas and convictions for felonious assault and intimidation. After he received maximum consecutive sentences for these offenses, Steimle filed notices of appeal, then filed motions to vacate or set aside his guilty pleas pursuant to Crim.R. 32.1, which were denied without findings. Steimle claims in each instance that his lawyer misled him concerning his likely sentence and that his pleas were not knowing and voluntary. We affirm the convictions but vacate the sentences for plain error and remand for re-sentencing.
On May 19, 1999, then twenty-four year-old Steimle was indicted in Cuyahoga County Common Pleas Court Case No. CR-376138, a three-count indictment charging him with felonious assault, R.C. 2903.11, kidnapping, R.C. 2905.01, and domestic violence, R.C. 2919.25. The indictment concerned events which occurred on April 19, 1999, and alleged that he beat his wife causing serious abdominal injuries, and that her condition worsened because Steimle refused to allow her to seek medical treatment for nearly twenty-four hours; that he took her to a hospital only after concocting a story that she had been beaten during a robbery. Mrs. Steimle underwent emergency surgery and lapsed into a coma before she eventually recovered.
On July 7, 1999, Steimle was indicted in Cuyahoga County Common Pleas Court Case No. CR-378096, and charged with intimidation, R.C. 2921.04, and violating a protective order, R.C. 2919.27, stemming from events that occurred on June 21, 1999. On that day, while Mrs. Steimle was still in the hospital, he had a third party contact her and attempt to convince her not to testify against him.
Both cases were set for trial on July 28, 1999, although there does not appear to be an order consolidating them pursuant to Crim.R. 13. In any event, negotiations led to plea agreements in both cases: in Case No. CR-376138 Steimle pled guilty to felonious assault with the two remaining counts being dismissed and in Case No. CR-378096, guilty to intimidation with the remaining count being dismissed.
The record reflects that prior to reaching the plea agreements, Steimle's lawyer told the judge that, in exchange for the pleas, he had told his client "that they [the prosecution] would not ask for any consecutive time, to my knowledge, with regards to that." After reaching the plea agreements, the prosecutor stated on the record that:
 No representations have been made to Mr. Steimle as to what his sentence will be. No promises have been made to him to induce him to enter this plea, either by myself or by my colleague or any representative of the State of Ohio.
Steimle's lawyer agreed that the prosecutor's statement was correct, and that no promises had been made to his client to induce his guilty pleas. Steimle then entered, and the judge accepted, guilty pleas to felonious assault and intimidation after which she ordered a pre-sentence investigation.
At the August 30, 1999 sentencing hearing, Steimle was sentenced to the maximum prison terms of eight years for the felonious assault conviction, and five years for the intimidation conviction to be served consecutively. On September 24, 1999, Steimle appealed his convictions and sentences, and on October 19, 1999, he filed motions to vacate or set aside his guilty pleas in both cases. He claimed that his lawyer misled him into believing that, if he accepted the State's plea offer, he would receive the minimum three-year prison term. He averred that he met with his lawyer only once prior to the trial date, that the lawyer refused to take his phone calls from jail after his arrest, that his lawyer told him to accept the plea because the prosecutor would not say anything against his interests, that there would be no pre-sentence investigation, and that he would be sentenced to a three-year term. Steimle claimed at his sentencing that he read an inaccurate statement written by his lawyer and that he entered the pleas only at his lawyer's insistence. On October 29, 1999, both motions were denied.
He asserts two assignments of error, as follows:
 I. THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR BY NOT CONDUCTING A HEARING PRIOR TO DENYING APPELLANTS MOTION TO VACATE HIS PLEA AND TO SET ASIDE HIS JUDGMENT OF CONVICTION WHERE THE APPELLANT CLAIMS THAT HIS ATTORNEY PROMISED HIM THAT HE WOULD RECEIVE LESS THAN THE MAXIMUM JAIL SENTENCE ON EACH CHARGE, ESPECIALLY [sic] WHERE THE TRIAL COURT IMPOSES MAXIMUM CONSECUTIVE SENTENCES.
 II. THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR BY DENYING APPELLANTS MOTION TO VACATE HIS PLEA AND TO SET ASIDE HIS JUDGMENT OF CONVICTION WHERE THE APPELLANT CLAIMS THAT HIS ATTORNEY PROMISED HIM THAT HE WOULD RECEIVE LESS THAN THE MAXIMUM JAIL SENTENCE ON EACH CHARGE, ESPECIALLY [sic] WHERE THE TRIAL COURT IMPOSES MAXIMUM CONSECUTIVE SENTENCE, AS SUCH REPRESENTATION BY COUNSEL IS INEFFECTIVE ASSISTANCE OF COUNSEL.
Steimle claims it was error to dismiss his Crim.R. 32.1 motion to vacate his guilty pleas filed on October 19, 1999, after he had filed timely notices of appeal from both convictions in this court. While those appeals were pending, the judge had no jurisdiction to consider his Crim.R. 32.1 motions, and thus correctly dismissed them. State ex rel.Special Prosecutors v. Judges, Court of Common Pleas (1978),55 Ohio St.2d 94, 97, 9 O.O.3d 88, 90, 378 N.E.2d 162, 165; State v.McGettrick (1988), 40 Ohio App.3d 25, 33, 531 N.E.2d 755, 763. The judgments in Appeal Nos. 77302 and 77303 are affirmed because each arose from the dismissal of Steimle's Crim.R. 32.1 motions.
Appeal Nos. 77005 and 77006 are the direct appeals of Steimle's conviction and sentence based upon his guilty pleas, but he failed to assert an assignment of error based on the trial court record. His brief argues matters alleged in the affidavit submitted in support of his Crim.R. 32.1 motions, which is not properly part of the record in the direct appeals. The only reference to any possible error in the court record is made in passing, as part of the statement of facts, and concerns his lawyer's statement that the prosecution "would not ask for any consecutive time" if Steimle accepted the plea agreement ultimately entered. Without an assignment of error, we cannot find error in this statement. Steimle was subsequently informed that there were no promises concerning his sentence and, in fact, the State did not argue for consecutive sentences at the sentencing hearing, although it did argue that Steimle deserved the maximum prison term for the felonious assault conviction. Pursuant to App.R. 12(A)(1)(b) and the lack of plain error, we affirm Steimle's convictions in Appeal Nos. 77005 and 77006.
Although we find no error in Steimle's conviction we must once again recognize and correct plain error in the sentencing proceedings. SeeState v. Slagter (Oct. 26, 2000), Cuyahoga App. No. 76459, unreported. The judge failed to make findings and state reasons for imposing consecutive sentences required under R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c) or advise of the imposition of post-release controls under R.C. 2967.28. She found Steimle's assault on his wife and subsequent failure to allow her to receive medical attention qualified as the worst form of the offense, and also found the conduct relevant to the intimidation conviction to be the worst form of the offense and then abruptly imposed the sentences consecutively.
Before imposing consecutive sentences, a judge is required to find them "necessary to protect the public from future crime or to punish the offender," and that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" Finally, a judge must find the existence of at least one of three enumerated factors and must then explain the reasons for making such findings during the sentencing hearing. R.C. 2929.14(E)(4), R.C. 2929.19(B) (2)(c).
Here, the judge merely stated that the five-year sentence for intimidation was "by law consecutive with the eight-year sentence imposed [for felonious assault]." We are unaware of any law mandating consecutive sentences in this case, and thus vacate Steimle's sentences and remand for resentencing.
We affirm the judgments in Appeal Nos. 77302 and 77303. We affirm the convictions in Appeal Nos. 77005 and 77006, but vacate the sentences in those cases and remand for resentencing.
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., CONCUR; JAMES M. PORTER, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.