ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. Appellant Christian Halmi assigns a single error to the common pleas court's order carrying the judgment of this court into execution:
 {¶ 2} THE TRIAL COURT ERRED IN MODIFYING THE DEFENDANT'S SENTENCE FROM FOUR YEARS TO FIVE YEARS OUT OF THE DEFENDANT'S PRESENCE IN VIOLATION OF CRIMINAL RULE 43(A).
{¶ 3} On August 27, 2001, this court affirmed a sentence of five years' imprisonment imposed upon appellant, the maximum sentence available for the third degree felony of which he was convicted. Statev. Halmi (Aug. 27, 2001), Cuyahoga App. No. 78485. In accordance with R.C. 2505.39, we issued a mandate directing the common pleas court to carry our judgment into execution. On October 9, 2001, the common pleas court entered the following order:
 {¶ 4} THE JUDGMENT HEREIN HAVING BEEN AFFIRMED BY THE COURT OF APPEAL [sic] EIGHTH DISTRICT, AND PURSUANT TO THE MANDATE FROM THE COURT OF APPEALS, IT IS HEREBY ORDERED THAT THE 5 YEAR SENTENCE IMPOSED HEREIN BE FORTHWITH CARRIED INTO EXECUTION WITH DEFENDANT RECEIVING CREDIT FOR JAIL/PRISON TIME ALREADY SERVED TO DATE.
* * * *
{¶ 5} An order executing a sentence which has been affirmed on appeal is not a final appealable order. It is a ministerial act giving effect to a judgment previously entered by the trial court and affirmed on appeal. As such, it does not affect a substantial right. See R.C.2505.02(B)(1) and (2); cf. Frate v. Al-Sol, Inc. (Nov. 24, 1999), Cuyahoga App. No. 76526. Nor can execution of a judgment be considered an order granting or denying a "provisional remedy" appealable under R.C.2505.02(B)(4). Provisional remedies are proceedings "ancillary to an action," such as preliminary injunctions, orders of attachment, and discovery of privileged matters. R.C. 2505.02(A)(3). "A recurring theme * * * is that a provisional remedy protects one party against irreparable harm by another party during the pendency of the litigation."Duryee v. Rogers (Dec. 16, 1999), Cuyahoga App. No. 74963. An order executing sentence is not consonant with this theme. Finally, an order executing a sentence is plainly not one that vacates or sets aside a judgment or grants a new trial, or an order that determines that an action may or may not be maintained as a class action. R.C. 2505.02(B)(2) and (5). Therefore, it is not a final, appealable order, and we must dismiss this matter.
{¶ 6} Appellant urges that the five year sentence "imposed" by the order of execution represents an increase over a previously imposed term of four years. In support of this contention, he attaches to his brief a copy of an order marked "received for filing Aug 1 2001" which allegedly reduces his sentence from five to four years. However, this sentencing order is not included in the official record in this case. Even if it were, the order indicates on its face that it was entered while the previous appeal was pending, and is therefore a nullity. State ex rel.Special Prosecutors v. Judges, Court of Common Pleas (1978),55 Ohio St.2d 94, 97-98, 378 N.E.2d 162, 164-65. Consequently, the alleged intervening order reducing the sentence does not affect our decision.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and DIANE KARPINSKI, J., CONCUR.