This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Christopher Zudell, appeals the decision of the Lorain County Court of Common Pleas. This Court affirms.
 I.
In February 1998, appellant was charged with five counts of rape, in violation of R.C. 2907.02(A)(1)(b); four counts of gross sexual imposition, a violation of R.C. 2907.05(A)(4); and one count of felonious sexual penetration, a violation of R.C. 2907.12(A)(1)(b). Appellant pleaded guilty in August 1999 and the trial court sentenced him to incarceration for a period of thirty-six to ninety years. Appellant appealed his sentence to this Court, which upheld his sentence in a journal entry dated July 26, 2000. See State v. Zudell (July 26, 2000), 9th Dist. No. 99CA007477.
On May 1, 2001, appellant filed a motion to withdraw his guilty plea. The trial court denied appellant's motion. Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY NOT PERMITTING A HEARING ON DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEA."
Appellant argues that he was entitled to a hearing on his Motion to Withdraw Plea. This Court disagrees.
Crim.R. 32.1 governs the withdrawal of guilty pleas. It states:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw or vacate a guilty plea after his sentence is imposed must demonstrate a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
The Supreme Court of Ohio addressed this same issue in State ex rel.Special Prosecutors v. Judges, Court of Common Pleas (July 12, 1978),55 Ohio St.2d 94. In addressing the jurisdiction of the trial court once an appeal has been taken and affirmed, the Supreme Court of Ohio stated:
 "Yet, it has been stated that the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction. * * * However, in the instant cause, the trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea. The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment. Accordingly, this Court finds that the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision.
 "Furthermore, Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." (Citations omitted.) Special Prosecutors at 97-98.
In this case, appellant originally pleaded guilty in August 1999 and was sentenced by the trial court in October 1999. Appellant then appealed his sentence to this Court, and the trial court lost its jurisdiction to consider a motion from appellant to withdraw his guilty plea. Since appellant's conviction was upheld by this Court in a journal entry dated July 26, 2000, the trial court lacked jurisdiction to consider appellant's motion to withdraw his guilty plea, which was filed on May 1, 2001.
 III.
The decision of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.