This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, David A. Kovacek, appeals the Lorain County Court of Common Pleas' denial, without a hearing, of his Crim.R. 32.1 motion to withdraw no contest plea. We affirm.
 {¶ 2} On November 3, 1998, the Lorain County Grand Jury indicted Defendant for aggravated vehicular homicide, in violation of R.C.2903.06(A), reckless operation, in violation of R.C. 4511.20, reasonable control, in violation of R.C. 4511.202, speed, in violation of R.C.4511.21(A), involuntary manslaughter, in violation of R.C. 2903.04(B), possession of cocaine, in violation of R.C. 2925.11(A), and possession of marijuana, in violation of R.C. 2925.11(A). Defendant pleaded no contest in July of 2000. The trial court accepted the plea, found Defendant guilty of all charges, and sentenced him accordingly. Defendant appealed his conviction and sentence to this Court. The conviction was upheld in a journal entry dated May 30, 2001. See State v. Kovacek (May 30, 2001), 9th Dist. No. 00CA007713, at 12.
 {¶ 3} Subsequently, on June 7, 2002, Defendant filed a "Motion to Withdraw No Contest Plea Pursuant to Crim.R. 32.1." The trial court denied the motion without conducting a hearing. Defendant timely appealed, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 4} "Whether the Lorain County Common Pleas Court abused its discretion in denying [Defendant's Crim.R.] 32.1 motion to withdraw his no contest plea without first conducting an evidentiary hearing after [Defendant] alleged facts which if proven would result in manifest injustice."
 {¶ 5} In his sole assignment of error, Defendant maintains that he was entitled to a hearing on his "Motion to Withdraw No Contest Plea Pursuant to Crim.R. 32.1." We disagree.
 {¶ 6} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of * * * no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant that seeks to withdraw his plea after his sentence has been imposed must demonstrate a manifest injustice. State v. Zudell, 9th Dist. No. 02CA007982, 2002-Ohio-4253, at ¶ 7, citing State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
 {¶ 7} However, a trial court loses its jurisdiction once an appeal has been taken and affirmed. Zudell at ¶ 9 and ¶ 11; State, exrel. Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94, 97 (a trial court's granting of a post-sentence motion to withdraw guilty plea after the appeal from conviction had been affirmed is inappropriate because allowing the withdrawal is inconsistent with the court of appeals' judgment). The Ohio Supreme Court has explained "that the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction. * * * However * * * [when] the trial court's granting of the motion to withdraw the * * * plea and the order to proceed with a new trial [are] inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea[, t]he judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment." (Citations omitted.) Zurdell at ¶ 9, quoting Special Prosecutors,55 Ohio St.2d at 97. Thus, the Ohio Supreme Court found that a trial court loses its jurisdiction when an appeal is taken and affirmed; a trial court does not regain jurisdiction subsequent to the Court of Appeals' decision absent a remand. Zurdell at ¶ 9. See, also, SpecialProsecutors, 55 Ohio St.2d at 97. "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the * * * plea subsequent to an appeal and an affirmance by the appellate court. * * * [I]t does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." (Citations omitted.)Zurdell at ¶ 10, quoting Special Prosecutors,55 Ohio St.2d at 97-98.
 {¶ 8} In the instant case, Defendant pled no contest in July of 2000. The trial court accepted the plea, found Defendant guilty, and sentenced him on October 6, 2000. Defendant then appealed his conviction and sentence to this Court. As Defendant's conviction was upheld by this Court in a journal entry dated May 30, 2001, the trial court subsequently lost jurisdiction to consider a motion to withdraw plea. Consequently, the court lacked jurisdiction to consider Defendant's Motion to Withdraw No Contest Plea which was filed on June 7, 2002, a date after this Court affirmed his conviction on appeal. Therefore, Defendant's sole assignment of error is overruled.
 {¶ 9} Accordingly, the decision of the Lorain County Court of Common Pleas is affirmed.
BAIRD, J., BATCHELDER, J. CONCUR.