[Cite as *State v. McIntyre*, 2012-Ohio-2480.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26195 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEWIS LEROY MCINTYRE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 03 0647 |

DECISION AND JOURNAL ENTRY

Dated: June 6, 2012

WHITMORE, Presiding Judge.

{¶1} Appellant, Lewis Leroy McIntyre, appeals from a judgment of the Summit County Court of Common Pleas, which denied his request to correct a clerical error and to conduct a resentencing hearing. This Court affirms.

I

{¶2} McIntyre was convicted in July 2009 of tampering with evidence, tampering with records, petty theft, and obstructing justice. McIntyre appealed. His convictions were affirmed in part and reversed in part. *State v. McIntyre*, 9th Dist. Nos. 24934 & 24945, 2010-Ohio-2569. Subsequently, McIntyre filed an App.R. 26(B) application to reopen his appeal claiming ineffective assistance of appellate counsel, which was granted. After the appeal was reopened, McIntyre filed a motion in the trial court to correct a clerical error and to conduct a new sentencing hearing. The trial court denied his motion, finding that it lacked jurisdiction to

consider McIntyre's motion because an appeal was pending. McIntyre now appeals that decision and raises one assignment of error for our review.

## II

Assignment of Error

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT LEWIS LEROY MCINTYRE, JR BY VIOLATING AND DEPRIVING HIM OF BOTH HIS DUE PROCESS RIGHTS THUS GURANTEED (sic) TO HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION. WHEN THE TRIAL COURT FAILED TO GRANT APPELLANT MCINTYRE'S CRIMINAL RULE 36(A) MOTION TO CORRECT CLERICAL ERROR AND CONDUCT A DE NOVO RESENTENCING HEARING AS THOUGH SENTENCING HAD NEVER PREVIOUSLY OCCURRED. BASED UPON THE FACT THAT THE TRIAL COURT DURING TRIAL HAD GRANTED APPELLANT MCINTYRE'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL AS TO THE OFFENSE TO-WIT [OBSTRUCTING JUSTICE AND ITS UNDERLYING OFFENSE, PASSING BAD CHECKS-F5], BUT THE TRIAL COURT FAILED TO JOURNALIZE SUCH AND MISTAKENLY SENTENCED THE APPELLANT MCINTYRE TO A PRISON TERM OF ONE YEAR FOR [OBSTRUCTING JUSTICE AND ITS UNDERLYING OFFENSE, PASSING BAD CHECKS-F5] TO WHICH THE TRIAL COURT HAD PREVIOUSLY ACQUITTED APPELLANT MCINTYRE OF SAID OFFENSE. (Sic.)

{¶3} In his sole assignment of error, McIntyre argues that the trial court erred when it denied his motion to correct a clerical error in the judgment and to conduct a new sentencing hearing. The trial court held that it lacked jurisdiction to consider McIntyre's motion because of a pending appeal.

{¶4} When an appeal is pending, a trial court is without authority to take any action except to aid in the appeal. *See State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). A trial court does retain jurisdiction over "collateral issues like contempt, appointment of a receiver and injunction." *Id.*

{¶5} At the time McIntyre filed his motion, this Court had granted his application to reopen his appeal. While his appeal was pending, the trial court did not have jurisdiction to modify his sentencing entry because this is not a collateral issue. McIntyre's assignment of error, therefore, is overruled.

### III

{¶6} McIntyre's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, J.
CONCUR.


APPEARANCES:

LEWIS LEROY MCINTYRE, JR., pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.