[Cite as *State v. Tackett*, 2015-Ohio-4923.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-A-0070** |
| DALE L. TACKETT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CR 159.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Dale L. Tackett*, pro se, PID: A623-605, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH 44905 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant Dale L. Tackett was convicted of one count of operating a vehicle while under the influence of alcohol (OVI) with a specification that he was convicted of five prior OVI offenses in the past 20 years. In a collateral attack on his conviction, Tackett argued that the trial court should "void and vacate" the specification to his OVI conviction and also argued his specification violates the Due Process and Equal Protection Clauses to the U.S. and Ohio Constitutions. The trial court overruled

the motion. On appeal, Tackett claims the trial court erred. For the following reasons, we affirm.

{¶2} We previously detailed the facts underlying Tackett's conviction in *State v. Tackett*, 11th Dist. Ashtabula No. 2012-A-0015, 2013-Ohio-4286. Consequently, we will only briefly recite the underlying facts from Tackett's prior appeal as necessary.

{¶3} A police officer initiated a traffic stop after he observed Tackett passing another vehicle at a high rate of speed in a no passing zone. The officer asked Tackett to perform field sobriety tests which Tackett failed. Consequently, Tackett was arrested for violating Ohio's OVI statute.

{¶4} A jury found Tackett guilty of two counts of operating a vehicle under the influence with the accompanying specification that Tackett had five prior OVI convictions in the past 20 years. The trial court found the offenses merged for sentencing purposes and sentenced Tackett to a 120-day mandatory sentence for the OVI and a consecutive two-year sentence on the specification. On appeal, we found that the trial court's 120-day sentence for the OVI was contrary to law as the minimum mandatory sentence was one year. *Id.* ¶13. Consequently, we remanded the case to the trial court for resentencing. On remand the trial court sentenced Tackett to a mandatory one year sentence on the OVI count and a consecutive two-year sentence on the specification.

{¶5} On April 4, 2014, Tackett filed a motion for judicial release. On April 18, 2014, Tackett filed a motion to vacate void judgment and sentence for good cause and correct judgment entry of sentence. The trial court overruled both motions on June 4, 2014, and Tackett appealed those orders to this court. While that appeal was pending,

2

on August 18, 2014, Tackett filed a motion to void and vacate the specification to his OVI offense. The trial court overruled the motion, and this appeal followed.

{¶6} As his first assignment of error, Tackett alleges:

{¶7} "[The] trial court erred by not accepting jurisdiction of appellant's motion to void and vacate specification to OVI."

{¶8} Within this assignment, Tackett argues that the trial court erred in concluding it lacked jurisdiction because, as we understand it, his motion currently under review is a petition for post-conviction relief, and his prior appeals were a direct appeal from his conviction. As jurisdiction is a question of law, we review de novo. *City of Akron v. Ohio Dept. of Ins.*, 10th Dist. Franklin Nos. 13AP-473, 13AP-486, 13AP-483, 13AP-496, Nos. 13AP-484 and 13AP-495, 2014-Ohio-96, ¶21. Tackett is incorrect that his other appeal is a direct appeal from his conviction. Rather, that appeal concerns the trial court's denial of other post-final judgment motions concerning the propriety of his sentence.

{¶9} Furthermore, the trial court correctly concluded it lacked jurisdiction. When an appeal is taken from a trial court, the trial court is divested of jurisdiction "'except to take action in aid of the appeal, until the case is remanded to it by the appellate court.'" *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978), quoting 7 Moore's Federal Practice (2 Ed.) 419, Paragraph 60.30[2]. Tackett had already appealed motions which challenged the propriety of his sentence. The underlying motion seeking to vacate and void Tackett's OVI specification would not aid Tackett's other appeal. Consequently, the trial court lacked jurisdiction to rule on the motion.

{¶10} The first assignment of error is without merit.

3

{¶11} As his second assignment of error, Tackett asserts:

{¶12} "Because R.C. 4511.19 contains two different penalties for persons who have committed six offenses within twenty years with no difference of proof required to trigger the greater penalties, R.C. 4511.19 violates due process and equal protection."

{¶13} As best we can tell, Tackett claims the imposition of his sentence on the specification violates the Equal Protection Clause of the U.S. and Ohio Constitutions because the state did not have to prove any additional facts apart from his underlying offense. He also alleges the same argument makes his punishment arbitrary and thus violates the Due Process Clauses of the U.S. and Ohio Constitutions. The state argues Tackett's arguments are barred by res judicata. We agree with the state. Res judicata bars a defendant from raising an issue in a post-conviction proceeding that he failed to raise on direct appeal. *State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶38. Tackett failed to raise these issues in his direct appeal, and therefore he cannot raise them now. *Tackett*, *supra*.

{¶14} The second assignment of error is without merit.

{¶15} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

4