[Cite as *State v. Lee*, 2025-Ohio-4666.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 AP 06 0018 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2022 CR 07 0252 |
| GARY A. LEE, | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 9, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Kevin W. Popham, Judges

**APPEARANCES:** RYAN DANIEL STYER, Prosecuting Attorney, KRISTINE W. BEARD, Assistant Prosecuting Attorney, for Plaintiff-Appellee; GARY A. LEE, Pro se, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1} The appellant, Gary A. Lee, appeals from the May 21, 2025, decision by the Court of Common Pleas of Tuscarawas County which converted his Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) into a petition for post-conviction relief, found the petition to be untimely, and dismissed it for lack of jurisdiction. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2} In May of 2022, the Tuscarawas County Grand Jury indicted the appellant for one count of Gross Sexual Imposition in violation of R.C. 2907.05(A)(5) and one count

of Pandering Sexually-Oriented Matter Involving a Minor or Impaired Person in violation of R.C. 2907.322(A)(1).

{¶3}	On May 1, 2023, the jury found the appellant guilty on both counts of the indictment.

{¶4}	On June 21, 2023, the trial court sentenced the appellant to an aggregate prison term of twenty-four months.

{¶5}	On July 21, 2023, the appellant filed a notice of appeal, arguing his convictions were against the manifest weight and sufficiency of the evidence. ("*Lee I*")

{¶6}	On May 28, 2024, this Court affirmed his conviction and sentence. The appellant appealed this decision to the Supreme Court of Ohio, which declined jurisdiction.

{¶7}	On March 3, 2025, the appellant filed a pro se Motion for an Order Releasing Him from Improperly Imposed Term of Post-Release Control.

{¶8}	On March 26, 2025, the trial court denied the appellant's motion.

{¶9}	On April 7, 2025, the appellant filed a Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) Based on Fraud Upon the Court by the Officer of the Court.

{¶10}	On April 15, 2025, the appellant filed an appeal of the trial court's denial of his Motion for an Order Releasing Him from Improperly Imposed Term of Post-Release Control. ("*Lee II*")

{¶11}	On May 21, 2025, while the appellant's appeal from the trial court's March 26, 2025, judgment entry was pending, the trial court ruled upon his Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) Based on Fraud Upon the Court by the Officer

of the Court into a petition for post-conviction relief. The trial court found the petition untimely filed and concluded that it lacked jurisdiction to entertain the untimely petition.

{¶12} The appellant filed a timely appeal from the trial court's denial of his Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) Based on Fraud Upon the Court by the Officer of the Court, and herein raises the following assignment of error:

{¶13} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL CONSTITUTIONAL RIGHTS BY CONVERTING THE RULES BASED 60(B) MOTION TO A POST CONVICTION PETITION, AND (sic)."

## I.

{¶14} The appellant refers to two issues in this assignment of error. First, he argues that the trial court erred in converting his Civ.R. 60(B) motion into a petition for postconviction relief. The appellant also argues that the trial court lacked jurisdiction to render judgment on his motion while his first petition for postconviction relief was pending on appeal. We disagree.

**(A) Trial court's conversion of the appellant's Civ.R. 60(B) motion into a petition for postconviction relief.**

{¶15} The appellant argues that Crim.R. 57(B) permits a trial court to hear a Civ.R. 60(B) motion.

{¶16} The appellant filed his motion for relief from judgment pursuant to Civ.R. 60(B), which allows relief based on mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the judgment. Crim.R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance where no applicable Rule of Criminal Procedure exists. *State v. Schlee*,

2008-Ohio-545, ¶10. A motion for relief from judgment may be treated as a petition for postconviction relief, even when it has been unambiguously presented as a Civ.R. 60(B) motion. *Id*. at syllabus.

{¶17} The appellant's motion for relief from judgment alleged violations of his rights under the Ohio Constitution and the Constitution of the United States. This issue could have been raised in a petition for postconviction relief pursuant to R.C. 2953.21(A)(1) and Crim.R. 35, because the motion was (1) filed subsequent to his direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render a judgment void, and (4) asked for vacation of the judgment and sentence. See *Schlee* at ¶12.

{¶18} Therefore, the motion was improperly filed as a Civ.R. 60(B) motion in a criminal case because an adequate remedy existed under R.C. 2953.21(A)(1) and Crim.R. 35. Accordingly, the trial court appropriately converted the appellant's Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) Based on Fraud Upon the Court by the Officer of the Court into a petition for postconviction relief.

**(B) Trial Court's jurisdiction to rule on the appellant's Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) Based on Fraud Upon the Court by the Officer of the Court.**

{¶19} In his brief, the appellant mentions that the trial court lacked jurisdiction to rule on his motion because he already had an appeal under consideration on a previously filed motion. We disagree.

{¶20} "Generally, a trial court loses jurisdiction to take action in a case after an appeal has been filed." *State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94, 97

(1978). However, it does retain jurisdiction "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment[.]" *Id*.

{¶21} In the appellant's Civ.R. 60(B)(5) motion, he argued the State violated his rights under the Ohio Constitution and Constitution of the United States when it committed a fraud by creating evidence after the alleged crime was committed. In *Lee II*, the appellant's appeal challenged the imposition of post-release control. Because the Civ.R. 60(B) motion did not interfere with the appellate court's ability to review, affirm, modify, or reverse the judgment in *Lee II*, the trial court retained jurisdiction over the appellant's Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) Based on Fraud Upon the Court by the Officer of the Court.

{¶22} Accordingly, the trial court did not err in ruling on the appellant's Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5) Based on Fraud Upon the Court by the Officer of the Court.

{¶23} The appellant's sole assignment of error is overruled.

## CONCLUSION

{¶24} Based upon the foregoing, the decision of the Court of Common Pleas of Tuscarawas County, Ohio, is hereby affirmed.

{¶25} Costs to the appellant.

By: Baldwin, P.J.

King, J. and

Popham, J. concur.