Opinion
This appeal is before us for the third time. On July 14, 1999, Defendant-Appellant, Wade Jackson, pled no contest to one charge of failing to comply with the order or signal of an officer, and to a reduced charge of attempted felonious assault. Jackson was then sentenced to one year in prison for failure to comply and to six years for the attempted assault, with the terms to be served concurrently. In a direct appeal to our court, Jackson contended that the trial court erred in accepting his plea because he was uninformed of the charges against him. We rejected that contention, as well as a claim of ineffective assistance of counsel. See State v. Jackson (Apr. 28, 2000), Miami App. No. 99 CA 36, unreported.
In the meantime, Jackson filed a petition for post-conviction relief in the trial court on April 17, 2000, alleging that the trial court erred in finding him guilty of "attempted felonious assault" because such an offense did not exist under Ohio law. After the trial court denied the petition, Jackson again appealed to our court. However, we dismissed the appeal, finding that it was barred by res judicata. State v. Jackson (Dec. 8, 2000), Miami App. No. 2000CA43, unreported.
While the last appeal was pending, Jackson filed a motion in the trial court, asking to withdraw his guilty plea. In the motion, Jackson argued that the indictment was fatally defective because it failed to allege factors that would elevate the felonious assault charge to a first degree felony. Because Jackson was unaware of the defective nature of the indictment, he claimed that his no contest plea could not, therefore, have been informed, knowing, or intelligent.
On October 3, 2000, the trial court overruled the motion to withdraw the plea. In its decision, the court relied on three reasons, including lack of jurisdiction, res judicata, and waiver. Jackson now appeals from that decision, raising the following assignments of error:
 I. The trial court erred as a matter of law in determining that it had lost jurisdiction to entertain the motion to withdraw plea.
 II. The trial court erred as a matter of law in determining that the issues presented in the motion to withdraw plea were res judicata.
 III. The trial court erred as a matter of law in determining that the issues presented in the motion to withdraw plea had been waived.
After considering the assignments of error, we find them either without merit or to be moot. Accordingly, the judgment of the trial court will be affirmed.
 I.
Jackson's first assignment of error focuses on the trial court's jurisdiction. In this regard, Jackson contends that he may collaterally attack his conviction because the issues in the withdrawal motion were "separate and independent" from the matters previously considered on appeal. We disagree.
In State ex rel. Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, the Ohio State Supreme Court considered a situation nearly identical to the one before us. Specifically, the defendant in Special Prosecutors had pled guilty to a murder charge and his conviction was affirmed by the court of appeals. After the appellate court decision, the defendant filed a motion in the trial court to withdraw his guilty plea. The motion was granted and a new trial date was set. Id. at 95. However, the special prosecutors who had been appointed then filed an application for writ of prohibition, contending that the trial court did not have jurisdiction to proceed. Ultimately, the Ohio Supreme Court agreed, and granted the writ.
When discussing the basis for the writ, the Ohio Supreme Court commented that:
 the trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea. The judgment of the reviewing court is controlling on the lower court as to all matters within the compass of the judgment. Accordingly, * * * the trial court lost its jurisdiction when the appeal was taken, and absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision.
Id. at 97. Further, in Special Prosecutors, the Ohio Supreme Court also rejected a claim that Crim. R. 32.1 conferred jurisdiction on the trial court. While the Court agreed that Crim. R. 32.1 enlarged trial court power over judgments without regard to the running of the court term, the Court also stressed that Crim. R. 32.1:
 does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.
Id. See also, State v. Winn (Feb. 19, 1999), Montgomery App. No. 17194, unreported (holding that motion to withdraw plea is not a collateral issue). In this regard, we note that Crim. R. 32.1 was adopted in 1973 and has remained unchanged, in pertinent part, since the Special Prosecutors decision.
Notably, in our prior decision affirming Mr. Jackson's conviction, we did not remand the case to the trial court. Instead, we simply affirmed the conviction. Accordingly, under controlling authority, the trial court had no jurisdiction to entertain Jackson's motion to withdraw. As indicated by the Ohio Supreme Court, granting a motion to withdraw would be inconsistent with our decision affirming the conviction.
Based on the above analysis, the first assignment of error is overruled.
 II.
The second and third assignments of error challenge the trial court's decision to apply the doctrines of res judicata and waiver. Given the resolution of the first assignment of error, these assignments of error are moot and need not be addressed. If the trial court lacked jurisdiction over the matter, it could not have considered the merits of Jackson's motion to withdraw the guilty plea. As an aside, we note that the trial court correctly stated that failure to raise defects in an indictment waives the issue. See, e.g., State v. Avery (1998),126 Ohio App.3d 36, 42, and State v. Grimm (Apr. 27, 1997), Miami App. Nos. 96-CA-37 and 96-CA-38, unreported. Moreover, any defects in the indictment could have been raised in Jackson's previous appeal, and would be barred by res judicata. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
In view of the preceding discussion, the first assignment of error is overruled and the second and third assignments of error are rejected as moot. Accordingly, the judgment of the trial court is affirmed.
 __________________ BROGAN, J.
FAIN, J., and GRADY, J., concur.