[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant appeals the trial court dismissing his renewed motion to vacate and/or withdraw his guilty plea. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In September 1998, defendant entered a guilty plea to an amended indictment. Defendant pled guilty to one count of rape of a child under thirteen (R.C. 2907.02) and one count of kidnapping a child for purposes of engaging in sexual conduct. (R.C. 2905.01). He also stipulated to a sexual predator classification. Defendant was sentenced to ten years on the rape conviction and nine years for the kidnapping conviction. Both sentences were to run consecutively.
 {¶ 3} In the earlier appeal, defendant asserted that various errors were committed by the trial court regarding his sentences and the sexual predator classification. In addition to appealing his conviction for kidnapping, defendant argued his defense counsel was ineffective by allowing "him to plead guilty to a first degree felony kidnapping charge."
 {¶ 4} In State v. Smith (Mar. 9, 2000), Cuyahoga App. No. 75512, this court overruled defendant's assignments of error and affirmed defendant's sentences and kidnapping conviction. This court also determined that defendant's guilty plea to the kidnapping and rape charges "was voluntarily, intelligently and knowingly made."[1]
 {¶ 5} On October 19, 2001, defendant filed in this court what was later determined to be an untimely application for reopening and denied on February 5, 2002. In the trial court, defendant then filed a motion to set aside his conviction and/or withdraw his guilty plea on April 29, 2002. In that motion, defendant argued again that his guilty plea to kidnapping was not knowingly, voluntarily or intelligently given. That motion was denied in June 2002.[2] Defendant did not appeal.
 {¶ 6} In September 2002, defendant filed a renewed motion to vacate and/or withdraw his guilty plea. That motion is the subject of this appeal and is virtually identical to his April 29th motion. The trial court denied the motion stating that it was "without jurisdiction to hear current motion" because of the decision in State v. Smith, supra. Defendant appeals presenting one assignment of error for review.
The trial court erred in it's [sic] denial of appellant's motion to vacate and/or withdraw guilty plea based on the misapplication of Stateex. re [sic] Special Prosecutors v. Judges(1978), 55 Ohio St.2d 94.
 {¶ 7} Defendant's argument is as follows: "Appellant's former appeal
 {¶ 8} dealt solely with sentencing issues. No appellate decision touches upon the voluntariness of his plea * * *. Therefore, State exre. [sic] Special Prosecutors does not apply and the trial court should consider the merits of Appellant's Rule 32.1 motion." We disagree. Crim.R. 21 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial." State, exrel. Special Prosecutors v. Judges, Court of Common Pleas, (1978),55 Ohio St.2d 94, 98, 378 N.E.2d 162; State v. McGettrick (1988),40 Ohio App.3d 25, 531 N.E.2d 755; State v. Steimle, (Dec. 7, 2000), Cuyahoga App. Nos. 77005, 77006, 77302, and 77303; State v. Jackson
(Mar. 30, 2001), Miami App. No. 2000-CA-48.
 {¶ 9} In the case at bar, the trial court had no jurisdiction to consider defendant's Crim.R. 32.1 motion to withdraw his guilty plea, and thus correctly dismissed it. Moreover, even if we assume, arguendo, the trial court had jurisdiction, defendant's arguments would, nonetheless, be barred by the doctrine of res judicata. This doctrine bars consideration of issues that could have been raised on direct appeal. The doctrine applies to successive petitions for postconviction relief. SeeState v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.
 {¶ 10} In this case, defendant filed a direct appeal from his convictions and never directly challenged the voluntariness of his plea in that appeal. This court, nonetheless, determined that his plea was voluntarily, intelligently, and knowingly made.[3]Smith, supra. Accordingly, defendant's challenge to the propriety of his plea in this appeal is barred.
 {¶ 11} For the foregoing reasons, defendant's sole assignment of error is overruled.
Judgment accordingly.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and COLLEEN CONWAY COONEY, J., concur.
[1] The Ohio Supreme Court denied defendant's leave to appeal in July 2000.
[2] The trial court deemed the motion to be a petition for post-conviction relief.
[3] At oral argument, appellant requested that this court restrict the ruling of State ex rel. Special Prosecutors v. Judges as applying only when a specific issue on subsequent appeal was previously addressed. We decline to address this question because it is unnecessary. In the case at bar, the specific issue — the voluntariness of his plea — raised in the current appeal was addressed by this court in the earlier appeal, even though it was not expressly articulated in an assignment of error.