JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Christ Steimle ("Steimle") appeals his sentence and the trial court's denial of his motion to withdraw his guilty plea in two consolidated cases. Finding no merit to this appeal, we affirm.
 {¶ 2} On August 5, 1999, Steimle pled guilty to felonious assault and intimidation as a result of his assault on his wife and subsequent threats that she not testify against him at trial. The trial court sentenced him to maximum terms of eight years' imprisonment for felonious assault, and five years for intimidation, to be served consecutively. Following the imposition of his sentence, Steimle filed a Crim.R. 32.1 motion to set aside his convictions and vacate his pleas on October 19, 1999, which was subsequently denied on October 29, 1999.
 {¶ 3} Steimle appealed his conviction on the grounds that his lawyer misled him concerning his likely sentence and that his pleas were not knowing and voluntary. In State v. Steimle, Cuyahoga App. Nos. 77005, 77006, 77302, 77303, 2000 Ohio App. LEXIS 5708 ("Steimle I"), this court affirmed his convictions but vacated his sentence and remanded for resentencing. No appeal was pursued at the Ohio Supreme Court to challenge the affirmance of his conviction.
 {¶ 4} The trial court resentenced Steimle on December 26, 2000, imposing the same prison terms as the original sentence. Steimle appealed again, alleging that the trial court erred in resentencing him and in denying his oral motion to withdraw his guilty pleas. This court found that Steimle was denied effective assistance of counsel at his second resentencing hearing and that the trial court failed to conduct a new sentencing hearing. State v. Steimle, Cuyahoga App. Nos. 79154, 79155, 2002-Ohio-2230 ("Steimle II"). Accordingly, Steimle's sentence was again vacated and the case was remanded for a third sentencing hearing.
 {¶ 5} Upon remand, the trial court resentenced Steimle on October 30, 2002. After considering the arguments from both sides, including Steimle's own statement, the victim's statement, the mitigation report, and reviewing the presentence investigation report, the trial court sentenced Steimle to a term of seven years for felonious assault and four years for intimidation, for a total of eleven years. The trial court explained its basis for not imposing the minimum sentence and advised Steimle of his appeal rights.
 {¶ 6} At the resentencing hearing, Steimle also renewed his motion to withdraw his guilty plea. The trial court declined to revisit his motion because it had already been denied and because the sole issue before the court was resentencing. From this decision, Steimle appeals, raising three assignments of error.
Motion to Withdraw Guilty Pleas
 {¶ 7} Steimle argues in his first and second assignments of error that he was denied due process of law by the trial court's failure to consider his motion to withdraw his guilty pleas at the resentencing hearing and the court's failure to grant the motion. He contends that, had the trial court properly considered the motion, the court was required by law to grant it because he was induced to enter into the pleas by his trial counsel who promised him a three-year sentence. We disagree.
 {¶ 8} Steimle maintains that this court's ruling in Steimle II
wherein we determined that his assignment of error regarding his Crim.R. 32.1 motion was moot, required the trial court to consider his motion upon resentencing. Steimle, however, fails to recognize this court's earlier decision in Steimle I, in which we upheld the trial court's decision to dismiss Steimle's motion to vacate his pleas because it was filed after his direct appeal of the convictions. Steimle, 2000 Ohio App. LEXIS 5708 at *2, citing State ex. rel. Special Prosecutors v.Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, 98. We also held that Steimle failed to assert an assignment of error based on the trial record concerning his direct appeal of his conviction and sentence. Id. Because Steimle argued matters alleged in an affidavit submitted in support of his Crim.R. 32.1 motions and thus not properly part of the record, this court found there was no assignment of error for its review and therefore affirmed his convictions.
 {¶ 9} Pursuant to the Ohio Supreme Court's decision in State ex.rel. Special Prosecutors v. Judges, Court of Common Pleas (1978),55 Ohio St.2d 94, 98, the trial court properly denied reconsideration of Steimle's Crim.R. 32.1 motion because it lacked jurisdiction. The Ohio Supreme Court held that Crim.R. 32.1 does not vest jurisdiction in a trial court to maintain and determine a motion to withdraw a guilty plea subsequent to an appeal and an affirmance by the appellate court. Id. In other words, Crim.R. 32.1 does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for such action would affect the decision of the reviewing court, which is not within the power of the trial court.
 {¶ 10} In the instant case, Steimle's conviction was affirmed on appeal in Steimle I and remanded in both Steimle I and Steimle II for the sole purpose of resentencing. Therefore, the trial court was without jurisdiction to consider the motion and properly refused to rehear the motion.
 {¶ 11} Assuming arguendo that the trial court had jurisdiction, res judicata bars further consideration of Steimle's arguments. The doctrine of res judicata bars further litigation in a criminal case of issues which were raised previously or could have been raised previously in a direct appeal. State v. Leek, Cuyahoga App. No. 74338, 2000 Ohio App. Lexis 2909, citing State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Accordingly, Steimle's failure to properly raise the plea issues in his first direct appeal in Steimle I bars this court's later consideration. Therefore, the first and second assignments of error are overruled.
 Information Outside the Record {¶ 12} Steimle argues in his third assignment of error that he was denied due process of law because the court relied on information outside the record. Specifically, Steimle contends that the trial court erroneously based its decision on the presentence investigation report, a victim impact statement, and its own personal knowledge. We find no merit to this argument.
 {¶ 13} Steimle argues that because he disagreed with the facts of the case as set forth in the presentence investigation report, the court should not have relied on it. He fails to cite any authority in support of this argument. Moreover, he failed to raise this issue at the trial court and in fact, represented to the court that the report was satisfactory. Accordingly, Steimle has waived his right to raise this issue on appeal. See, State v. Smith (1997), 80 Ohio St.3d 89, 107.
 {¶ 14} Even if Steimle had preserved this issue for appeal, we find the trial court properly considered the report pursuant to R.C.2951.03, which authorizes the creation and use of presentence investigation reports that include a description of the circumstances of the offense. R.C. 2951.03(A). We find no violation by the trial court in its use of the report.
 {¶ 15} Additionally, Steimle argues that the trial court erroneously considered the victim impact statement. Specifically, Steimle contends that the victim's statement which was read into the record at the hearing should have been shared with Steimle prior to sentencing and that, because the statement contained new material fact, the trial court should have allowed Steimle to respond.
 {¶ 16} Contrary to Steimle's assertion, R.C. 2930.02 allows the victim to designate a representative to exercise the victim's rights at a sentencing hearing. Because the victim in the instant case designated a representative for the hearing, the victim's statement was read into the record. We find no requirement within the statute mandating that the prosecution share the victim's statement prior to the sentencing. Moreover, Steimle fails to cite any authority for this proposition.
 {¶ 17} Pursuant to R.C. 2930.14(B), the trial court must allow the defendant the opportunity to respond to a victim's statement if it contains any "new material fact." Steimle claims that he was not given an opportunity to respond. However, the record clearly reveals that the trial court specifically asked him to respond to the victim's statement. Moreover, the only identifiable material fact raised in the victim statement — the reference to the transcript of the sentencing on Steimle's violation of protection order before another judge — was not considered by the trial court in its findings and, therefore, did not constitute an abuse of discretion. See, State v. Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563. Accordingly, the trial court's consideration of the victim impact statement was proper.
 {¶ 18} Finally, Steimle argues that the trial court erroneously relied on its own personal knowledge in determining his sentence, but he fails to support this argument with any facts specific to this case. Although he cites State v. Mattox (1966), 8 Ohio App.2d 65 and State v.Denoon (1966), 8 Ohio App.2d 70, for the proposition that a court cannot rely on matters outside the record, including its own personal knowledge, these cases are easily distinguishable from the instant case.
 {¶ 19} Here, the trial judge at Steimle's third sentencing hearing had not presided over any of the earlier proceedings in Steimle's case. Even if the judge had presided over prior proceedings, Steimle fails to identify what personal knowledge the trial judge allegedly relied on outside the record. The transcript reveals that the trial judge relied solely on information made a part of the record, i.e. the arguments made at the hearing, the victim impact statement, the mitigation report, and the presentence investigation report. Therefore, the court provided Steimle his right to due process. See, State v. Hudak, Cuyahoga App. No. 82108, 2003-Ohio-3805. Accordingly, the third assignment of error is overruled.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., P.J. and ANTHONY O. CALABRESE, JR., J. CONCUR