{¶ 64} I respectfully dissent from the majority's decision on two grounds. First, the majority contends the trial court should have held a hearing on Douse's motion to withdraw his plea because his request for a hearing came prior to resentencing. The majority considers a resentencing hearing to be absolutely equivalent to the initial sentencing hearing and holds that "a motion for withdrawal made prior to sentencing is to be freely allowed and liberally treated."
 {¶ 65} However, there is a difference between the initial sentencing hearing and resentencing after appeal. In State ex. rel.Special Prosecutors v. Judges, Court of Common Pleas (1978),55 Ohio St.2d 94, 98, the Ohio Supreme Court held that Crim.R. 32.1 does not vest jurisdiction in a trial court to maintain and determine a motion to withdraw a guilty plea subsequent to an appeal and an affirmance by the appellate court. In other words, Crim.R. 32.1 does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for such action would affect the decision of the reviewing court, which is not within the power of the trial court. Id.
 {¶ 66} In the instant case, Douse's conviction was affirmed on appeal, two years before he moved to withdraw his guilty plea; the case was remanded only to conduct an allied offenses hearing and a resentencing. Therefore, the trial court was without jurisdiction to consider the motion and properly denied it without a hearing.
 {¶ 67} Assuming arguendo that the trial court had jurisdiction, res judicata bars further consideration of Douse's arguments. The doctrine of res judicata bars further litigation in a criminal case of issues which were raised previously or could have been raised previously in a direct appeal. State v. Leek, Cuyahoga App. No. 74338, 2000 Ohio App. Lexis 2909, citing State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The plea issues raised in Douse's motion to withdraw his guilty plea should have been raised on direct appeal. Therefore, they are barred by res judicata.
 {¶ 68} Secondly, I disagree with the majority's conclusion that the trial court failed to indicate why it was imposing maximum sentences. When sentencing Douse to the maximum sentence on each of the three counts of corruption of a minor and one count of gross sexual imposition, the court stated:
"* * * In this case there is no lower risk of recidivism. He continues his behavior with multiple victims. He is absolutely a candidate for recidivism.
In the indictment the Defendant was charged with violating a total of seven teenage girls. The charges to which the Defendant pled guilty named five of those girls aged 14 and 15, including his biological daughter.
Obviously, the Defendant's relationship as parent to the biological daughter facilitated the offense against her but the Defendant also used both of his children to pimp for him in order to lure other minor girls into the home where he committed criminal acts upon them.
The crime with which the Defendant has been charged suggests a pattern of criminal behavior as the course of conduct with which the Defendant has been charged spans a period in excess of 15 months.
From letters submitted to the Court by Defense counsel it would appear the Defendant preyed on minor female children who were vulnerable, and craving attention and affection."
 {¶ 1} After reading several letters the victims wrote to Douse, the court continued:
"In this case the shortest prison term would demean the seriousness of the Defendant's conduct. He preyed upon, victimized, and committed crimes against multiple young females. Females who were at the ages which they were at the time the crimes were committed just growing into young womanhood and susceptible to attentions of men, self-conscious of their developing bodies. Further, the shortest prison term would not adequately protect the public from future crime by him. Studies indicate pedophilia is not curable. In fact, the Defendant in his statement to the probation department admitted that he wrote fantasies in his journal involving nudity of someone coming, usually teenagers, since his 20s. That is a period of more than 20 years.
* * *
The Defendant expresses no remorse about his behavior that this court takes seriously and the Defendant suggests these teenagers either initiated the conduct or approved of his behavior that this court takes seriously and the Defendant suggests these teenagers either initiated the conduct or approved of his behavior.
The Defendant had some perverse influence over these children and used it to fulfill his sexual fantasies and needs, and that behavior poses a continued serious threat to civilized society.
The acts of the Defendant caused at least one girl to obtain counselingas a result of his criminal behavior. However, the damage the Defendantdid to these young women and their families caused ridicule, harassment,and that ridicule and harassment was from the Defendant's own children atthe North Olmsted High School.
The sentences the court will impose are necessary to protect the public from future crime and punish the Defendant, and these sentences are not disproportionate to the seriousness of his conduct and the harm that he caused to these victims and the families of these young women. He preyed upon children that had serious problems in their homes. The harm the Defendant caused in the history of committing these crimes demonstrated consecutive sentences are necessary to protect the public, and the harm he caused was so unusual no single prison term adequately reflects the seriousness of his conduct."
 {¶ 1} Thus, the court stated it was imposing the maximum because of Douse's great likelihood of recidivism and the seriousness of his conduct. The court's reasons for anticipating that Douse would reoffend are reasonable and explicit. Because I find the court complied with the sentencing requirements of R.C. 2929.14(C) and 2929.19(B)(2)(d), I would affirm. Accordingly, I respectfully dissent.