OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Daniel Dale Grissam, filed August 31, 2005. A Montgomery County Grand Jury indicted Grissam on May 19, 2005 on one count of theft by deception from an elderly person, in an amount over $5000.00, in violation of R.C. 2913.02(A)(3), a felony of the third degree, and one count of grand theft by deception, in an amount over $5000, also in violation of R.C. 2913.02(A)(3), a felony of the fourth degree, in case number 2005 CR 1315. On June 22, 2005, Grissam was indicted by way of Information in case number 2005 CR 1369, for one count of possession of drugs (cocaine) in an amount over 5 grams and less than 25 grams, in violation of R.C. 2925.11(A), a felony of the fourth degree. On July 5, 2005, Grissam pled guilty to both counts of theft and to the drug count. The sentencing court sentenced Grissam to four years on the theft count (a non-minimum sentence), eighteen months on the grand theft count (the maximum sentence allowed), and six months on the drug possession count (a minimum sentence), to be served concurrently. The court also suspended Grissam's driver's license for five years on the drug charge and ordered him to make restitution in the amount of $74,853.77. By a December 22, 2005 Entry, the trial court subsequently amended the amount of restitution to $37,384.33, and Grissam's appeal of that decision is currently pending in C.A. 21420.
 {¶ 2} Grissam asserts four assignments of error which we will address together. They are as follows:
 {¶ 3} "THE TRIAL COURT DID NOT MAKE THE NECESSARY FINDINGS UNDER O.R.C. 2929.14 AND 2929.19 TO IMPOSE A MAXIMUM SENTENCE FOR APPELLANT'S FOURTH DEGREE FELONY CONVICTION."
 {¶ 4} "THE TRIAL COURT DID NOT MAKE THE NECESSARY FINDINGS UNDER O.R.C. 2929.14."
 {¶ 5} "THE TRIAL COURT ERRED BY IMPOSING A NON-MINIMUM SENTENCE WHEN THE ADDITIONAL FINDINGS NECESSARY TO IMPOSE THAT TERM WERE NOT FOUND BY A JURY OR ADMITTED BY GRISSAM." and
 {¶ 6} "BECAUSE THE TRAIL COURT'S SENTENCES WERE CONTRARY TO LAW, APPELLANT'S SENTENCES ON HIS THIRD AND FOURTH DEGREE FELONY SHOULD BE MODIFIED TO MINIMUM SENTENCES."
 {¶ 7} After Grissam was sentenced, the Ohio Supreme Court declared R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d), pursuant to which Grissam was sentenced on the third and fourth degree felony offenses, unconstitutional, because those portions of the felony sentencing statutes require judicial fact-finding as a prerequisite to the imposition of a non-minimum or maximum sentence, in violation of a criminal defendant's Sixth Amendment right to a jury trial. State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856. Pursuant to Foster, Grissam's sentences on the third and fourth degree felony counts are invalid. The Foster court instructed that all cases pending on direct review in which the unconstitutional provisions were utilized must be remanded for resentencing. Grissam's sentences on the third and fourth degree felony counts are reversed and remanded for resentencing.
 {¶ 8} We note that the State argues that Grissam's sentence is nonappealable because it was an agreed sentence. The State mischaracterizes Grissam's sentence as "agreed," since it did not include a stated term of months and/or years which was accepted and agreed to by Grissam. Prior to the entry of Grissam's pleas, counsel for Grissam stated that "the only agreement that we had is if there were going to be sentencing, it would be concurrent with one another * * *." While subsequent discussions at sidebar occurred after Grissam entered his pleas that resulted in a reduction of Grissam's sentence on the theft charge from five years to four, the record does not affirmatively establish that counsel for Grissam agreed to the four year sentence. More importantly, the record is clear that Grissam himself did not enter into an agreed four year sentence. We also note that although Grissam filed a Notice of Appeal in case no. 2005 CR 1369, he fails to assign any alleged error therein, thus Grissam's six month sentence for possession of cocaine in 2005 CR 1369 is affirmed.
 {¶ 9} In summary, 2005 CR 1315 is reversed and remanded for re-sentencing and 2005 CR 1369 is affirmed.
Brogan, J. and Walters, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).