OPINION
{¶ 1} Defendant-appellant Daniel Grissam appeals from an order reducing the restitution he had previously been ordered to pay, as part of the judgment entry convicting him of two counts of theft and one count of possession of cocaine, from $74,053.77 to $37,384.33. The State is not appealing.
 {¶ 2} Grissam contends that the trial court erred by not reducing the restitution by a further $4,783.27, which he claims represents compensation for loss to his victim that was not proximately caused by his offense. We agree with the State that the trial court erred by making any modification to the restitution order while the judgment entry of which it was a part was pending on appeal. Perforce, then, the trial court did not err when it failed to reduce the award any further.
 {¶ 3} Because the error that the trial court did make, which was to modify its judgment while that judgment was pending on appeal, prejudiced only the State, which did not appeal, not Grissam, the order modifying restitution is Affirmed.
 I {¶ 4} Grissam was charged by indictment with one count of Theft by Deception from an Elderly Person, in an amount exceeding $5,000, in violation of R.C. 2913.02(A)(3), a felony of the third degree; and one count of Theft by Deception in an amount exceeding $5,000, in violation of R.C. 2913.02(A)(3), a felony of the fourth degree. Grissam was separately charged, by information, with one count of Possession of Cocaine, in an amount exceeding 5 grams, but not more than 25 grams, in violation of R.C. 2925.11(A), a felony of the fourth degree.
 {¶ 5} Grissam pled guilty on all counts. In its judgment entry, the trial court imposed concurrent sentences of four years on the first theft count, eighteen months on the second theft count, and six months on the drug possession count. In that entry, the trial court also suspended Grissam's driver's license for five years, and ordered him to pay restitution in the amount of $74,853.77. An appeal was taken from that judgment, resulting in an affirmance. State v. Grissam, 2006-Ohio-4007.
 {¶ 6} While Grissam's appeal from the judgment was pending, he filed a motion for a restitution hearing. The trial court held a hearing on that motion on December 8, 2005. At the time of that hearing, Grissam's appeal from the judgment was pending. The trial court entered an order reducing the restitution ordered from $74,053.77 to $37,384.33. That order was filed on December 22, 2005, when Grissam's appeal from the judgment was still pending.
 {¶ 7} Grissam filed this appeal from the order of December 22, 2005, reducing his ordered restitution from $74,053.77 to $37,384.33. The State has not appealed from that order.
 II {¶ 8} Grissam's First Assignment of Error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED IN ASSIGNING RESTITUTION TO THE DEFENDANT FOR DAMAGE WHICH DID NOT RESULT FROM THE CRIMINAL ACTS TO WHICH DEFENDANT PLED GUILTY."
 {¶ 10} In support of this assignment of error, Grissam contends that the trial court should have made a further reduction in the amount of ordered restitution, by an amount of $4,783.27, which he contends represents an amount of the victim's loss that was not caused by the criminal acts of which Grissam was convicted. The State contends that the,
 {¶ 11} trial court had no authority to amend the restitution award, citing R.C. 2929.18(A)(1) and several appellate decisions.
 {¶ 12} We conclude that the trial court erroneously modified its judgment, if for no other reason than the fact that an appeal from that judgment was pending at the time that it did so.State, ex rel. Special Prosecutors v. Judges (1978),55 Ohio St.2d 94. If the trial court erred by reducing the ordered restitution at all, it necessarily follows that the trial court did not err by failing to reduce the award of restitution even more than it did. The trial court's error in making any reduction in the award of restitution was not prejudicial to Grissam, but only to the State, which is not appealing from the order reducing restitution.
 {¶ 13} Because we find no error prejudicial to Grissam, his First Assignment of Error is overruled.
 III {¶ 14} Grissam's Second Assignment of Error is as follows:
 {¶ 15} "THE TRIAL COURT ERRED IN FAILING TO CONSIDER APPELLANT'S PRESENT AND FUTURE ABILITY TO PAY THE AMOUNT OF RESTITUTION."
 {¶ 16} We have read the transcript of the hearing on Grissam's motion to reduce the amount of ordered restitution, and we find that his argument at that hearing was addressed exclusively to the issue of the amount of the victim's loss attributable to the offenses of which Grissam was convicted, not to Grissam's ability to pay. For that reason, alone, we would be inclined to overrule this assignment of error, since any error on the trial court's part in failing to consider Grissam's ability to pay restitution appears to have been invited by Grissam's having directed the attention of the trial court exclusively to the issue of the amount of the victim's compensable loss.
 {¶ 17} In any event, the same infirmity noted in connection with Grissam's First Assignment of Error applies here — the trial court could not properly modify its judgment while that judgment was pending on appeal. Therefore, the trial court did not err by failing to reduce the amount of ordered restitution more than it did.
 {¶ 18} Grissam's Second Assignment of Error is overruled.
 IV {¶ 19} Both of Grissam's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Wolff, J., concurs.
Donovan, J., concurs in judgment only.