[Cite as *State v. Gordon*, 2011-Ohio-298.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Julie A. Edwards, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 2009CA00311 |
| CRAIG L. GORDON | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Common
                             Pleas Court, Case No. 2004CR2010


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      January 24, 2011


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


PROSECUTING ATTORNEY                AARON KOVALCHIK
STARK COUNTY, OHIO                  111 Second Street N.W.
                                    Suite 302
BY: KATHLEEN O. TATARSKY            Canton, Ohio 44702
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

{¶1}   Defendant-appellant Craig L. Gordon appeals his conviction and sentence entered by the Stark County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE

{¶2}   On November 30, 2004, Appellant was indicted on one count of complicity to aggravated robbery, in violation of R.C. 2923.02(A)(2), with an attendant firearm specification.  Following a jury trial, Appellant was convicted of the charge and firearm specification, and sentenced to fifteen years in prison.

{¶3}   On December 2, 2009, the trial court conducted a resentencing hearing to impose postrelease control.

{¶4}   Appellant now appeals, assigning as error:

{¶5}   "I. APPELLANT'S ORIGINAL SENTENCE WAS VOID.

{¶6}   "II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶7}   "III. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A MAXIMUM PRISON SENTENCE.

{¶8}   "IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED APPELLANT TO A HARSHER SENTENCE FOR GOING TO TRIAL.

{¶9}   "V. THE TRIAL COURT ERRED IN NOT DECLARING A MISTRIAL."

{¶10}  Initially, we must determine whether the assigned errors are barred by the doctrine of res judicata.

{¶11} Appellant asserts his original sentence was void as the trial court failed to properly advise Appellant regarding post-release control. On December 9, 2009, the trial court resentenced Appellant, albeit for the limited purpose of informing him of the term of his postrelease control. As a result, Appellant maintains he is entitled to raise all of the assigned errors on appeal.

{¶12} The Ohio Supreme Court in *State v. Ketterer* 126 Ohio St.3d 448, 2010-Ohio-3831 held:

{¶13} "In Ketterer's first appeal, this court considered most of the claims that Ketterer raised on remand as a basis to withdraw his guilty pleas. We found that Ketterer was adequately informed of his rights before pleading guilty; that his plea was knowingly, voluntarily, and intelligently made; and that his counsel was not ineffective in providing him advice on his guilty pleas. *State v. Ketterer,* 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 13-14, 75-79, and 80-90. Thus, res judicata was a valid basis for rejecting these claims.

{¶14} "In addition, the state invokes *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97-98, 9 O.O.3d 88, 378 N.E.2d 162, to argue that the court lacked jurisdiction to vacate Ketterer's guilty pleas. In *Special Prosecutors,* this court held that 'Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would

affect the decision of the reviewing court, which is not within the power of the trial court to do.' Id. at 97-98, 9 O.O.3d 88, 378 N.E.2d 162.

**{¶15}** "On appeal, this court affirmed Ketterer's convictions and death sentence. *State v. Ketterer,* 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 12. Ketterer's appeal was later reopened and his case was remanded for the limited purpose of resentencing him on his noncapital offenses. 113 Ohio St.3d 1463, 2007-Ohio-1722, 864 N.E.2d 650. Under the authority of *Special Prosecutors,* the panel had no authority to consider Ketterer's motion to withdraw his guilty pleas, let alone grant him a new trial."

**{¶16}** In *State v. Nichols*, 2010-Ohio-3104, this Court held:

**{¶17}** "Thus, we find that an appeal from a re-sentencing entry for sentences imposed after July 11, 2006, is limited to issues concerning the re-sentencing procedure. Under these circumstances, we find that an appellant may not raise additional arguments relating to his conviction following his resentencing.***"

**{¶18}** In *State v. Riggenbach,* 2010-Ohio-3392, this Court held:

**{¶19}** "The Ohio Supreme Court has consistently held when a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing to have postrelease control imposed unless the defendant has completed his sentence.***

**{¶20}** "In *State v. Fischer* the Ninth District Court of Appeals addressed the issue raised by Appellant herein, holding:

**{¶21}** " 'Specifically, Fischer contends that because his original sentence did not include a notice of postrelease control, it was void pursuant to *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at syllabus. While we agree with this statement of law, we do not agree with Fischer's contention that due to this defect, his original direct appeal is invalid and therefore he can now 'raise any and all trial errors cognizable on direct appeal.'

**{¶22}** " '* * *

**{¶23}** " 'As applied to the facts before the court in *Ortega,* we determined that when a 'court affirms the convictions in the First Appeal, the propriety of those convictions becomes the law of the case, and subsequent arguments seeking to overturn them become barred. Thus, in the Second Appeal, only arguments relating to the resentencing are proper.' *Id.* at ¶ 7, 868 N.E.2d 961, quoting *State v. Harrison,* 8th Dist. No. 88957, 2008-Ohio-921, 2008 WL 596528, at ¶ 9. Accordingly, Fischer's contention that he may raise any and all issues relating to his conviction in this appeal is without merit.'

**{¶24}** "We agree with the Ninth District's holding in *Fischer* and find the law of the case doctrine applies to this Court's May 31, 2006 disposition of Appellant's original appeal even though the appeal arose from a void sentence.  As set forth in the case law cited above, the Ohio Supreme Court has consistently held only *the sentence* is void for failure to properly impose the mandatory term of postrelease control, not the conviction.

Therefore, we find Appellant is precluded from asserting additional arguments relating to his conviction following his resentencing."[1]

**{¶25}** Appellant filed a direct appeal from his conviction and sentence in Stark App. No. 2005CA00031, asserting his conviction was against the manifest weight and sufficiency of the evidence, the trial court erred in imposing the maximum sentence, and the ineffective assistance of counsel. This Court affirmed Appellant's conviction and sentence entered by the trial court, via Judgment Entry of July 18, 2005.

**{¶26}** Pursuant to the Ohio Supreme Court's opinion in *Ketterer,* supra, and this Court's prior opinion in *Nichols* and *Riggenbach*, supra, we find Appellant's assigned errors are barred by the doctrine of res judicata as they were or could have been raised in Appellant's direct appeal.

III.

**{¶27}** In his third assignment of error, Appellant asserts the trial court erred in resentencing him to the maximum sentence.

**{¶28}** We overrule this assignment of error based upon the authority of *State v. Fischer*, Slip Opinion No. 2010-Ohio-6238.

---

[1] The Ninth District's holding in *Fisher* was affirmed by the Ohio Supreme Court's recent decision in *State v. Fischer*, Slip Opinion 2010-Ohio-6238.

{¶29} Accordingly, Appellant's conviction and sentence in the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Edwards, P.J.  and

Gwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee               :
                                       :
-vs-                                   :               JUDGMENT ENTRY
                                       :
CRAIG L. GORDON                        :
                                       :
    Defendant-Appellant              :               Case No. 2009CA00311


For the reasons stated in our accompanying Opinion, Appellant's conviction and sentence entered by the Stark County Court of Common Pleas are affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN