[Cite as *State v. Snider*, 2011-Ohio-889.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00128 |
| STEVEN L. SNIDER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Stark County Court of Common Pleas, Case No. 2008-CR-0583

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: February 22, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN FERRERO                         RICHARD DRAKE
PROSECUTING ATTORNEY          303 Courtyard Centre
BY: RONALD MARK CALDWELL     116 Cleveland Avenue N.W.
110 Central Plaza South, Ste. 510   Canton, OH 44702
Canton, OH   44702

*Gwin, P.J.*

{¶1}   Appellant Steven Lee Snider appeals his conviction for felonious assault and domestic violence in the Stark County Court of Common Pleas.  The relevant facts underlying appellant's case are set forth in *State v. Snider*, Stark App. No. 2008 CA 000147, 2009-Ohio-3427.

STATEMENT OF THE CASE

{¶2}   Appellant was indicted on a charge of felonious assault and domestic violence.  After hearing the evidence and receiving instructions from the trial court, the jury returned a verdict finding appellant guilty as charged in the indictment.  The jury further found that appellant had two prior convictions for domestic violence, one in 2003 and the other in 2005.  As memorialized in a Journal Entry filed on June 27, 2008, appellant was sentenced to an aggregate prison sentence of thirteen (13) years.  His conviction and sentence were affirmed by this Court.  *State v. Snider*, Stark App. No. 2008 CA 000147, 2009-Ohio-3427.  However, the sentencing entry filed by the trial court did not properly inform the appellant of the length of post release control.

{¶3}   On April 12, 2010 appellant filed a "Motion to Impose Lawful Sentence on Defendant" citing the trial court's failure to properly impose post-release control as part of appellant's original sentence.  By Judgment Entry filed May 5, 2010, the trial court denied appellant's motion as moot as the Court held a Video Re-sentencing Hearing pursuant to R.C. 2929.191 on May 3, 2010.  The court issued a journal entry on May 6, 2010 reflecting the re-sentencing.

{¶4}   Appellant has filed a timely notice of appeal, raising via appointed counsel, the following five assignment of error for our consideration:

{¶5} "I. THE APPELLANT WAS DENIED HIS RIGHT TO TRIAL BY AN IMPARTIAL JURY.

{¶6} "II. THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

{¶7} "III. THE TRIAL COURT ERRED BY PERMITTING A NON-EXPERT WITNESS TO GIVE AN OPINION OUTSIDE THE SCOPE OF EVID. R. 701.

{¶8} "IV. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING FINDINGS AS REQUIRED BY R.C. §2929.14(E)(4).

{¶9} "V. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

{¶10} Additionally, appellant has filed a brief pro se in which he raises as an additional assignment of error:

{¶11} "I. THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR IN FAILING TO ALLOW APPELLANT THE CONSTITUTIONAL RIGHT TO PROCEED PRO-SE."

JURISDICTION TO CONSIDER APPELLANT'S FIRST THROUGH FIFTH ASSIGNMENTS OF ERROR RAISED BY APPOINTED COUNSEL AND APPELLANT'S SINGLE PRO SE ASSIGNMENT OF ERROR.

{¶12} Appellant argues that a direct appeal from a void sentence is a legal nullity and a defendant's appeal following resentencing is actually a defendant's first appeal as of right. Therefore, appellant argues that, even though this Court reviewed the merits of the arguments that he had raised in his first direct appeal relating to his conviction he

now has the right to assert additional arguments relating to his conviction following his resentencing. We disagree.

{¶13} In *State v. Fischer* (Dec. 23. 2010), Ohio Sup. Ct. No. 2009-0897, __Ohio St.3d__, __N.E.2d__, 2010-Ohio-6238, the Ohio Supreme Court specifically precluded the raising of such legal claims in an appeal from a post-release control resentencing hearing. The Supreme Court held that "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. Thus, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of post release control is imposed is limited to issues arising at the resentencing hearing."' Id. at ¶ 40.

{¶14} Further, the Ohio Supreme Court has rejected the argument that a void sentence is a legal nullity and a defendant's appeal following resentencing for post release control errors was his first appeal as of right. In *State v. Ketterer,* Donald Ketterer had been convicted of capital and noncapital offenses. 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831. The Ohio Supreme Court held that the trial court properly denied the motion to withdraw Ketterer's guilty pleas. Because mandatory post release control was not properly imposed, however, the Court remanded the case for the trial court to conduct a hearing under R.C. 2929.191. While the case was on remand for resentencing, Ketterer filed a motion to withdraw his guilty pleas. (Id. at ¶ 55). In response, the state argued that res judicata barred Ketterer's motion to withdraw his guilty pleas because on the first appeal, the Supreme Court rejected his attacks on his pleas. (Id. at ¶ 59).

**{¶15}** The Court agreed noting, "In Ketterer's first appeal, this court considered most of the claims that Ketterer raised on remand as a basis to withdraw his guilty pleas ... Thus, res judicata was a valid basis for rejecting these claims." (Id. at ¶ 60). Furthermore, the Court found, "In addition, the state invokes *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97-98, 9 O.O.3d 88, 378 N.E.2d 162, to argue that the court lacked jurisdiction to vacate Ketterer's guilty pleas. In *Special Prosecutors*, this court held that 'Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision off the reviewing court, which is not within the power of the trial court to do.' Id. at 97-98, 9 O.O.3d 88, 378 N.E.2d 162.

**{¶16}** "On appeal, this court affirmed Ketterer's convictions and death sentence. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 12. Ketterer's appeal was later reopened and his case was remanded for the limited purpose of resentencing him on his noncapital offenses, 113 Ohio St.3d 1463, 2007-Ohio-1722, 864 N.E.2d 650. Under the authority of *Special Prosecutors*, the panel had no authority to consider Ketterer's motion to withdraw his guilty pleas, let alone grant him a new trial." *Ketterer* 126 Ohio St.3d at 460, 935 N.E.2d at 22, 2010-Ohio-3831 at ¶ 61-62.

**{¶17}** We note that in the case at bar, the trial court originally sentenced appellant on June 10, 2008 after the effective date of R.C. 2929.191. See, *State v. Nichols,* Richland App. No.2009CA0111, 2010-Ohio-3104 at ¶ 15.

**{¶18}** In this appeal, however, appellant does not raise any challenge to the 2010 sentencing hearing, but instead raises issues related to his original trial.

**{¶19}** In the case at bar, we find as we did in *Nichols*, supra, "that an appeal from a re-sentencing entry for sentences imposed after July 11, 2006, is limited to issues concerning the re-sentencing procedure. Under these circumstances, we find that an appellant may not raise additional arguments relating to his conviction following his resentencing." (Id. at ¶ 19). Res judicata is a valid basis for rejecting these claims. *Ketterer*, supra. Accordingly, appellant is not entitled to a second appeal as of right from the trial court original sentencing entry filed June 10, 2008.

**{¶20}** Appellant's first, second, third, fourth, and fifth assignments of error raised by appointed counsel and appellant's sole pro se assignment of error are dismissed.

{¶21} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JULIE A. EDWARDS

WSG:clw 0204

[Cite as *State v. Snider*, 2011-Ohio-889.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STEVEN L. SNIDER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-00128 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS