[Cite as *State v. Hillman*, 2016-Ohio-870.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 15AP0031 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DALLAS HILLMAN | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 05-CR-0489 |

DECISION AND JOURNAL ENTRY

Dated: March 7, 2016

CARR, Presiding Judge.

{¶1}     Appellant, Dallas Hillman, appeals the judgment of the Wayne County Court of Common Pleas.  This Court affirms.

I.

{¶2}     In 2007, Dallas Hillman pleaded no contest to one count of possession of crack cocaine and one count of illegal conveyance of drugs onto the grounds of a detention facility. The trial court found Hillman guilty and sentenced him to an eight-year term of incarceration. Hillman appealed and raised one assignment of error pertaining to the trial court's denial of a motion to suppress.  Dallas Hillman's appeal was consolidated with the appeal of his brother, Derrick Hillman, who was also involved in the incident.  The Hillmans' convictions were affirmed on direct appeal. *State v. Hillman*, 9th Dist. Wayne Nos. 07CA0048, 07CA0049, 2008-Ohio-3204.  The Ohio Supreme Court declined further review of the matter. *State v. Hillman*, 119 Ohio St.3d 1505, 2008-Ohio-5467.

{¶3} Subsequently, the Hillmans filed a joint motion to withdraw their pleas. On May 23, 2012, the trial court issued a journal entry granting the motion. On appeal, this court reversed the trial court's order on the basis that the issues raised in the motion could have been raised on direct appeal. *State v. Hillman*, 9th Dist. Wayne Nos. 12CA0028, 12CA0029, 2013-Ohio-982.

{¶4} On May 6, 2014, Dallas Hillman filed a pro se motion to withdraw his plea. The trial court appointed counsel and, with the assistance of counsel, Hillman filed a motion for judicial release. After initially setting the matter for a hearing, the trial court issued a journal entry denying the motion on the basis that it had no authority to grant judicial release due to the fact that Hillman was serving a mandatory sentence. Hillman did not appeal the trial court's judgment entry.

{¶5} Hillman subsequently filed another pro se motion to withdraw his plea, arguing that he was never advised that his sentence was mandatory. The trial court denied the motion on the basis that the issue could have been raised in Hillman's direct appeal. Hillman filed a timely notice of appeal.

{¶6} On appeal, Hillman raises three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN IT[]S ACCEPTANCE OF HIS NO CONTEST PLEA WHICH WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER CRIM.R. 11 AND UNDER THE 5TH & 14TH AMENDMENTS TO THE U.S. CONSTITUTION ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT FAILED TO ADVISE THE APPELLANT THAT HIS SENTENCE WAS MANDATORY AND THAT THE MANDATORY SENTENCE RENDERS HIM INELIGIBLE FOR COMMUNITY CONTROL SANCTIONS OR PROBATION IN VIOLATION OF CRIM.R. 11(C)(2)(a).

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT FAILED TO HAVE A HEARING WHEN IT INCREASED APPELLANT['']S SENTENCE FROM NON-MANDATORY TO MANDATORY WITHOUT THE APPELLANT['']S PRESENCE, WHEN IT DID NOT IMPOSE THE SENTENCE AT THE ORIGINAL SENTENCING HEARING IN VIOLATION OF CRIM.R. 43(A) AND UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION.

{¶7}    Hillman raises three assignments of error stemming from the trial court's denial of his motion to withdraw his plea of no contest. Hillman's principal position in this appeal is that the trial court erred in denying his motion to withdraw because the trial court failed to notify him that he was subject to a mandatory prison sentence. This Court disagrees.

{¶8}    The Supreme Court of Ohio has held that "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "This prohibition extends to claims made in support of motions to withdraw a plea." *State v. Brown*, 9th Dist. Summit Nos. 25353 and 25355, 2011-Ohio-1043, ¶ 6, citing *Ketterer* at ¶ 59. Moreover, in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978), the high court explained that even though the trial court retains jurisdiction over issues not inconsistent with the jurisdiction of the court of appeals, the granting of a motion to withdraw is "inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon

the guilty plea." *Id.* The Supreme Court further held that Crim.R. 32.1 does not, independently "vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *Id.*

{¶9} Hillman filed a direct appeal in this case and his convictions were affirmed. *Hillman*, 2008-Ohio-3204. Therefore, pursuant to *Special Prosecutors*, the trial court correctly recognized that it lacked authority to consider his motion to withdraw his plea of no contest. Moreover, because Hillman could have, but did not raise the issues of which he now complains on direct appeal, he is now barred from raising the issues in the first instance under the doctrine of res judicata. *State v. Calhoun*, 9th Dist. Summit No. 27059, 2014-Ohio-2628, ¶ 8. It follows that his assignments of error are without merit.

{¶10} The assignments of error are overruled.

III.

{¶11} Hillman's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

MOORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DALLAS HILLMAN, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.