[Cite as *State v. Davie*, 2016-Ohio-2816.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No.    27961 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL D. DAVIE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 1992 12 2970(B) |

DECISION AND JOURNAL ENTRY

Dated: May 4, 2016

BALDWIN, Judge.

{¶1} Appellant Michael D. Davie appeals from an order of the Summit County Court of Common Pleas denying his post-sentence motion to withdraw a no contest plea. This Court affirms.

I

{¶2} In 1992, Davie participated in a crime spree in Summit County. Davie and two accomplices entered several apartments, beat and tortured two occupants, and stole personal property. The group possessed at least one handgun. Davie and his accomplices were apprehended and charged with numerous felonies, all with gun specifications.

{¶3} In 1993, Davie entered into a plea agreement with the Summit County prosecutor's office. He pled no contest to: (1) one count of attempted murder with a firearm specification; (2) one count of felonious assault; (3) two counts of aggravated robbery; and (4)

five counts of aggravated burglary. Davie's plea agreement allegedly provided that Davie's no contest plea would not be used against him in a subsequent action.

{¶4} Following Davie's no contest plea, the trial court found him guilty and imposed a prison sentence of between 33 and 75 years. Davie was paroled after serving 14 years.

{¶5} Davie timely appealed his conviction. He was represented by counsel on appeal. This Court affirmed the judgment of the trial court. *State v. Davie*, 9th Dist. Summit No. 16252, 1994 WL 64607 (Feb. 23, 1994).

{¶6} Davie next filed a petition for post-conviction relief. The trial court denied Davie's petition. This Court affirmed the judgment with respect to all claims except one that we remanded for findings of fact and conclusions of law. *State v. Davie*, 9th Dist. Summit No. 19088, 1999 WL 157412 (Mar. 10, 1999).

{¶7} Davie then filed a post-sentence motion to withdraw his no contest plea. The motion was treated as a petition for post-conviction relief and denied. This Court affirmed. *State v. Davie*, 9th Dist. Summit No. 19934, 2000 WL 1587008 (Oct. 25, 2000). The Supreme Court of Ohio subsequently held in another matter that a post-sentence motion to withdraw a plea is not a post-conviction petition. *See State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14.

{¶8} Davie filed a second post-sentence motion to withdraw his no contest plea. The trial court denied that motion. This Court affirmed on the basis of *res judicata*. *State v. Davie*, 9th Dist. Summit No. 21708, 2004-Ohio-1068.

{¶9} Davie filed a third post-sentence motion to withdraw his no contest plea. Davie argued that he should be permitted to withdraw his plea on the basis of manifest injustice under Crim.R. 32.1. He claimed to have suffered manifest injustice because "the terms of his plea

agreement were violated" when Davie's 1993 conviction was discussed in civil proceedings filed approximately two decades after Davie's no contest plea. Davie sought "to withdraw his plea so that his conviction [would] not be raised in any future actions."

{¶10} The trial court denied Davie's third post-sentence motion to withdraw his no contest plea. This appeal follows. Davie raises one assignment of error for our review.

Assignment of Error Number One

THE TRIAL COURT'S HOLDING THAT APPELLANT'S FELONY CONVICTION FROM A 22 YEAR-OLD NO CONTEST PLEA WAS ADMISSIBLE IN THE PROCEEDINGS OF A SUBSEQUENT CIVIL ACTION WAS AN ABUSE OF DISCRETION, AND MANIFEST INJUSTICE IN VIOLATION OF CRIM.R.11(B)(2) AND EVID.R.410.

{¶11} In his sole assignment of error, Davie argues that the trial court abused its discretion in denying his third post-sentence motion to withdraw his no contest plea because he demonstrated manifest injustice under Crim.R. 32.1. We disagree because the trial court did not have authority to consider Davie's motion to withdraw his plea.

{¶12} In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978), the Supreme Court of Ohio explained that the "general rule of law is that the trial court loses jurisdiction to take action * * * after an appeal has been taken and decided." *Id.* at 97. The Supreme Court found that, because a motion to withdraw a plea is "inconsistent with the judgment of the [c]ourt of [a]ppeals affirming the trial court's conviction premised upon the guilty plea," the trial court lacks jurisdiction to consider the motion after an appellate court has affirmed the conviction. *Id.* The Court also determined that Crim.R. 32.1 does not, independently, "vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *Id.* Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has

been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Id.* at 98. Accordingly, the Supreme Court determined that the trial court in that case did not have authority to grant a motion to withdraw a guilty plea under Crim.R. 32.1 filed after an appellate court had upheld the trial court's judgment of conviction. *Id.* at 97. We have recognized that *Special Prosecutors* also applies to a motion to withdraw a no contest plea. *See State v. Hillman¸* 9th Dist. Wayne No. 15AP0031, 2016-Ohio-870, ¶ 9.

{¶13} This case is indistinguishable from *Special Prosecutors.* Davie pled no contest to the charges against him. He was convicted based on his no contest plea. Davie then filed a direct appeal of his conviction. This Court affirmed. Subsequent to this Court's decision affirming Davie's conviction, he filed his third post-sentence motion to withdraw his no contest plea pursuant to Crim.R. 32.1. Under *Special Prosecutors*, the trial court did not have authority to consider Davie's motion to withdraw his no contest plea. It follows that Davie's assignment of error lacks merit. On this basis, his assignment of error is overruled.

III

{¶14} Davie's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

CRAIG R. BALDWIN
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

(Baldwin, J., of the Fifth District Court of Appeals, sitting by assignment.)

APPEARANCES:

MICHAEL DAVIE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.